## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Arena Football League, LLC. | ) | Case No. 09-29024 |
| | ) | |
| Alleged Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: 8/26/2009 |
| | ) | Hearing Time: 10:30 a.m. |

### NOTICE OF AFL'S CONSENT TO ORDER FOR RELIEF
### AND MOTION FOR AN ORDER CONVERTING CASE TO CHAPTER 11

PLEASE TAKE NOTICE, that on August 26, 2009, at 10:30 a.m., or as soon thereafter as counsel may be heard, the undersigned attorney shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 642 of the Everett McKinley Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, for purposes of presenting the attached Consent to Order for Relief and Motion for an Order Converting Case to Chapter 11, a copy of which is served upon you, at which time and place you may appear.

Respectfully submitted,

Varitalk, Inc.

By: /s/  William J. Factor
One of Its Attorneys

William J. Factor (6205675)
The Law Office of William J. Factor, Ltd.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com

## CERTIFICATE OF SERVICE

On this, the 24th day of August, 2009, the undersigned attorney hereby certifies that he caused the attached Notice of Motion and the documents referenced therein to be served upon the parties on the attached Service List in the manner so indicated therein.


_____/s/ William J. Factor_____


Richard S. Lauter
Freeborn & Peters LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Via ECF

William T. Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
Via ECF

J. Mark Fisher
Schiff Hardin LLP
233 S. Wacker Dr., Suite 6600
Chicago, IL 60606
Via ECF

Peter A. Clark
One North Wacker Dr.
Suite 4400
Chicago, IL 60606
(312) 759-5646
Via FAX

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Arena Football League, LLC. | ) | Case No. 09-29024 |
| | ) | |
| Alleged Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: 8/26/2009 |
| | ) | Hearing Time: 10:30 a.m. |

**AFL'S CONSENT TO ORDER FOR RELIEF**
**AND MOTION FOR AN ORDER CONVERTING CASE TO CHAPTER 11**

The Arena Football League, LLC., the alleged debtor in this chapter 7 case (the "AFL"), by this motion (the "Motion") consents to the entry of an order for relief and requests entry of an order converting this case under Chapter 7 of the Bankruptcy Code to a case under Chapter 11 of the Bankruptcy Code. In support of the Motion, the AFL respectfully states and represents as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 303(h) and 706(a) of title 11, United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code").

**Background**

3. AFL, a Delaware limited liability company, is a professional indoor football league with a principal place of business in Chicago.

4.      At the end of 2008, AFL had completed 22 consecutive seasons as the preeminent professional indoor football league in the nation, enjoying a significant fan base, advertisers, and media coverage.

5.      However, AFL suffered economically in the current downturn to the extent that it was forced to suspend its 2009 season.

6.      Since that time, the AFL and its Members have been working to reestablish the league on a firmer economic footing.

7.      On August 7, 2009 (the "Involuntary Petition Date"), three entities (collectively, the "Petitioning Creditors") filed an involuntary petition against the AFL seeking relief under chapter 7 of the Bankruptcy Code in this Court (the "Involuntary Petition").

8.      The AFL has continued to manage its property since the Involuntary Petition Date as authorized under section 303 of the Bankruptcy Code, and will continue to do so as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, if the Court grants this Motion.

9.      On August 14, 2009, the Petitioning Creditors filed a motion for the appointment of an interim trustee under Section 303.  At that hearing on August 19, 2009, the AFL asked the Court for time to respond to that motion.  This motion constitutes the AFL's respond to the trustee motion and, if granted, this motion will moot the trustee motion.

## Relief Requested

10.      The AFL hereby consents to an order for relief being entered against it and the simultaneous conversion of this case to a chapter 11 proceeding.

11.    Section 706(a) provides, in pertinent part, that a "debtor may convert a case under this chapter to a case under chapter 11 . . . of this title at any time, if the case has not been converted under section 1112, 1208 or 1307 of this title." 11 U.S.C. §706(a).

12.    This case was commenced as an involuntary chapter 7 case and no prior conversions pursuant to sections 1112, 1208 or 1307 of the Bankruptcy Code have been sought or ordered. Pursuant to section 706(a) of the Bankruptcy Code, AFL hereby requests that this Court enter an order to convert this case to a case under chapter 11 of the Bankruptcy Code (the "Conversion Order").

## AFL May Convert This Case to Chapter 11

13.    Under section 706(a) of the Bankruptcy Code, a chapter 7 debtor may convert its case to a case under chapter 11 as a matter of right. This right is either absolute or limited only by extreme circumstances not present here, such as bad faith or abuse of the bankruptcy process. *See generally Marrama v. Citizens Bank*, 549 U.S. 365 (2007) (recognizing that in extreme circumstances the right to convert to Chapter 13 may be denied). S. REP. No.989-380, 95th Cong. (2d Sess. 1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5880; H.R. Rep. No.595-94, 95th Cong. (2d Sess. 1978), reprinted in, 1978 U.S.C.CAN. 5963, 6336 (absolute right).

14.    Section 706(a) provides only two prerequisites to conversion -- the case has not previously been converted and the debtor is eligible for the chapter chosen. 11 U.S.C. §§ 706(a), (d). Both of these elements are satisfied in this case.

15.    Accordingly, an order converting this case should be entered because this case has not previously been converted, AFL is eligible for relief under chapter 11 of the Bankruptcy Code, and AFL has complied with any and all requirements of section 706(a) of the

Bankruptcy Code.

## <u>Notice</u>

16.    Rule 1017(f) of the Federal Rules of Bankruptcy Procedure provides that in some instances a motion to convert is a contested matter and in other instances it is not a contested matter.[1]   Importantly, Rule 1017(f)(2) provides that a motion to convert as of right under section 706(a), like this one, is not a contested matter and instead is governed by Rule 9013, which only requires a motion.   Section 706(a) requires the conversion order to be entered upon motion only to assure that the debtor is an eligible debtor.   *See* 9 *Collier on Bankruptcy* ¶ 1017.05[1][b] (15th ed. rev. 2003).

17.    Because a motion to convert of right is not a contested matter that is subject to a hearing, it is arguable whether the requirements of Rule 2002(a)(4) -- which require 20 days notice of a hearing on a motion to convert – even applies to a motion to convert as of right.   *See Nikoloutsos v. Nikoloutsos*, 222 B.R. 297, 301 (E.D. Tex. 1998) ("Here, Appellee sought conversion to Chapter 13 pursuant to § 706(a). Thus, Rule 9013 governed the disposition of his motion. Twenty days notice was not required under Rule 9013. Further, because no hearing was held on Appellee's motion to convert, twenty days notice was not required under Rule 2002(a)(5)."), rev'd on other grounds, 199 F.3d 233 (5th Cir. 2000).

18.    Furthermore, even if, for the sake of argument, there is a 20 day notice period on a motion to convert as of right (which is not altogether clear given that a motion to convert as of right is not a contested matter), this period should be shortened in the instant case

---

[1]Rule 1017(f) provides that "(1) Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, *except under §§ 706(a),* 1112(a), 1208(a) or (b), or 1307(a) or (b)" and "(2) Conversion or dismissal under §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013."   Fed R. Bank. P. 1017(f).

to the notice that has been provided for this Motion.  No additional notice is required because: (a) no hearing is necessary or required for the Motion to be granted, (b) there is no basis to contest this Motion and (c) the AFL's lender does not object to the entry of an order for relief and the conversion of this case to Chapter 11.

19.    Moreover, any notice period should be shortened for efficiency in order to avoid an awkward period that will occur after the Court enters an order for relief under chapter 7 but before the Court enters the Conversion Order converting the case to chapter 11.

WHEREFORE, AFL respectfully requests that the Court enter an order for relief and enter an order (i) converting this case to a case under chapter 11 of the Bankruptcy Code, (ii) limiting notice of this Motion to two business days and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

Arena Football League, LLC.


By: /s/  William J. Factor
One of Its Attorneys

William J. Factor (6205675)
The Law Office of William J. Factor, Ltd.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com