**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| ARENA FOOTBALL LEAGUE, LLC, ) | Case No. 09-29024 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Hon. Susan Pierson Sonderby |
| ) | |
| ) | |
| ARENA FOOTBALL LEAGUE, LLC, ) | |
| ) | Adv. Pro. No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL LABOR RELATIONS BOARD, ) | |
| and ARENA FOOTBALL OFFICIALS ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF RELATED TO NLRB PROCEEDINGS**

For its Complaint seeking injunctive and declaratory relief against the National Labor Relations Board (the "NLRB") and the Arena Football Officials Association (the "AFOA"), the Arena Football League, LLC, debtor and debtor-in-possession in the captioned Chapter 11 case ("AFL" or the "Debtor"), states as follows.

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and §§ 157(a) and (b).

2.  Venue of this matter is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and (O).

1

4. This is an adversary proceeding pursuant to F.R. Bank. P. 7001(7) and (9).

## THE PARTIES

5. The AFL is a professional indoor football league and is the debtor and debtor in possession in the captioned Chapter 11 case pending before this Court.

6. The NLRB is a federal administrative agency with authority to regulate certain matters involving labor and collective bargaining agreements.

7. The AFOA is a bargaining group for certain non-player employees of the AFL.

## BACKGROUND

8. In the past, the AFL operated an indoor football league in which different teams played indoor football games that were refereed by members of the AFOA.

9. The AFL suspended the 2009 season and is not operating an indoor football league and not using the services of referees at this time.

10. On August 7, 2009, an involuntary petition for relief under Title 11, United States Code, was filed against the AFL.

11. On June 24, 2009, the AFOA filed a labor charge against the AFL with the NLRB. The charge alleges the AFL improperly refused to sign a new 5-year collective bargaining agreement with the AFOA.

12. On August 20, 2009, the NLRB filed a Complaint against the AFL to force the AFL to execute a new 5-year collective bargaining agreement (the "CBA"). A copy of the Complaint is attached as Exhibit 1.

13. On August 26, 2009, the Court entered an order for relief and granted AFL's motion to convert to Chapter 11. The AFL is now managing its property as a debtor-in-possession.

14. Notwithstanding the automatic stay provisions of §362(a), the Defendants continue to pursue their complaint against the AFL, insisting, among other things, that AFL answer the NLRB complaint by September 14, 2009 and participate in a hearing on this matter on October 20, 2009.

### COUNT I – DECLARATORY JUDGMENT
### THAT STAY APPLIES AND § 362(b)(4) EXCEPTION DOES NOT

15. The AFL believes that 11 U.S.C. §362(a) prohibits Defendants from pursuing the complaint against the AFL.

16. On information and belief, Defendants contend that §362(a) does not bar them from pursuing the Complaint because of the police and regulatory power exception in §362(b)(4).

17. The AFL does not believe that §362(b)(4) permits the Defendants to pursue the complaint for several reasons.

18. Among other things, §362(b)(4) does not apply to Defendants' actions because Defendants are not seeking to protect the public health, safety or welfare, nor are they trying to prevent fraud.

19. Section 362(b)(4) also does not permit Defendants' actions in respect to the complaint because they are focused primarily upon trying to enhance the economic rights of referees.

20. Section 362(b)(4) also does not permit Defendants' actions because the AFL is not using the services of referees.

21. Section 362(b)(4) also does not permit Defendants' actions in respect to the Complaint because Defendants are acting primarily for a pecuniary purpose.

3

22. Because §362(b)(4) does not authorize Defendants' actions, Defendants are violating the stay.

## COUNT II: INJUNCTIVE RELIEF

23. Plaintiff incorporates herein by this express reference thereto each of the allegations set forth in paragraphs 1-14 above.   Count II is pled in the alternative.

24. Section 105 of Title 11, United States Code, authorizes the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11.

25. Section 105 is a proper vehicle to enjoin Defendants from proceeding with their labor complaint against the AFL, to the extent the automatic stay does not bar such actions.

26. Defendants' efforts to pursue a labor complaint threaten the AFL's bankruptcy estate by impairing the AFL's ability to sell its assets or reorganize.

27. Defendants' efforts to pursue a labor complaint threaten the AFL's bankruptcy estate by trying to foist a collective bargaining agreement upon the AFL against its wishes.

28. Defendants' efforts to pursue a labor complaint threaten the AFL's bankruptcy estate by substantially and needlessly increasing the expenses associated with such administration.

29. The AFL is likely to succeed on the merits in this bankruptcy case by pursuing and implementing a Chapter 11 strategy that is consistent with the Bankruptcy Code.

30. Enjoining the Defendants from pursuing a labor complaint serves the public interest because Defendants' actions threaten the well-being of the bankruptcy estate and make reorganization more difficult.  Defendants' actions also are inconsistent with the priority scheme

set forth in the Bankruptcy Code and other important Bankruptcy Code policies, including those that are designed to centralize the administration of claims and to give a debtor a breathing spell.

31. Enjoining the Defendants from pursuing the Complaint will not cause them any legally cognizable prejudice because the AFL is not operating this season and it is not using the services of the referees.

32. Enjoining the Defendants from pursuing the Complaint will benefit Defendants by protecting them from having to spend additional funds associated with the contract rejection process under 11 U.S.C. § 1113.

WHEREFORE, the AFL requests that the Court enter an Order:

A. Determining that § 362(b)(4) does not, in this circumstance, apply to limit the reach of § 362(a) and that the Defendants are violating the automatic stay by pursuing the Complaint; or

B. Pursuant to 11 U.S.C. §105 and Bankruptcy Rule 7065, enjoining the Defendants and any entity acting in concert with them, from taking any action against the AFL, including but not limited to, compelling AFL to answer the AFOA's complaint, participating in an NLRB hearing, or executing any agreement; or

C. Granting the AFL such other and further relief as is just and equitable.

                        Respectfully submitted,

                        ARENA FOOTBALL LEAGUE, LLC


                        By: /s/  William J. Factor
                            One of its attorneys

William J. Factor (6205675)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
(847) 239-7248
(847) 574-8233
wfactor@wfactorlaw.com