# EXHIBIT 1

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
SEVENTEENTH REGION

**ARENA FOOTBALL LEAGUE**

    **and**　　　　　　　　　　　　　　　　　　　　Case 17-CA-24560

**ARENA FOOTBALL OFFICIALS ASSOCIATION**

### COMPLAINT AND NOTICE OF HEARING

Arena Football Officials Association, herein called the Union, has charged that Arena Football League, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. § 151, et seq., herein called the Act. Based thereon the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

**1.**

The charge in this proceeding was filed by the Union on June 24, 2009, and a copy was served by regular mail on Respondent on the same date.

**2.**

(a) At all material times Respondent, a corporation, with an office and place of business in New York, New York, has been engaged in the business of operating a professional sports league, with franchises located in 17 cities throughout the United States.

(b) During the 12-month period ending December 31, 2008, Respondent, in conducting its business operations described above in paragraph 2(a), purchased and received goods

and services valued in excess of $50,000, which were furnished to Respondent directly from points outside the State of New York.

(c) During the 12-month period ending December 31, 2008, Respondent, in conducting its business operations described above in paragraph 2(a), performed services valued in excess of $50,000 in States other than the State of New York.

(d) During the 12-month period ending December 31, 2008, Respondent, in conducting its business operations described above in paragraph 2(a), derived gross revenues in excess of $500,000.

(e) At all material times Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

### 3.

At all material times the Union has been a labor organization within the meaning of Section 2(5) of the Act.

### 4.

At all material times the following named individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

Ed Policy            -    Acting Commissioner

Jennifer O'Sullivan  -    Vice President, Legal & Labor Affairs

### 5.

(a) The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All officials, including referees, umpires, head linesmen, line judges, back judges, side judges and field judges employed by the Arena Football League to officiate

2

games played by the AFL Member Clubs, but excluding office clerical employees, managerial employees and supervisors as defined by the National Labor Relations Act.

**(b)** Since in or about 1999, and at all material times, the Union has been the designated exclusive collective-bargaining representative of the Unit and at all material times the Union has been recognized as the representative by Respondent. This recognition has been embodied in successive collective-bargaining agreements, including an agreement effective by its terms from December 15, 2002, until (i) 90 days after the completion of the 2008 season, or (ii) September 1, 2008.

**(c)** At all times since 1999, and at all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

**6.**

**(a)** On or about December 1, 2008, the Union and Respondent reached complete agreement on terms and conditions of employment of employees in the Unit to be incorporated in a five-year collective-bargaining agreement effective January 1, 2009.

**(b)** Since on or about January 2, 2009, the Union has requested that Respondent execute a written contract containing the agreement described above in paragraph 6(a).

**(c)** Since on or about January 2, 2009, Respondent, by Ed Policy and Jennifer O'Sullivan, has failed and refused to execute the agreement described above in paragraph 6(a).

**7.**

By the conduct described above in paragraphs 6(c), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its unit employees in violation of Section 8(a)(1) and (5) and Section 8(d) of the Act.

**8.**

The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

**9.**

As part of the remedy for the unfair labor practices alleged above in paragraph 6, the General Counsel seeks an Order requiring Respondent to send the appropriate notice to unit employees by electronic and/or regular mail. The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint. The answer must be **received by this office on or before September 3, 2009, or postmarked on or before September 2, 2009.** Unless filed electronically in a pdf format, Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable

for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the document need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.

Service of the answer on each of the other parties must be accomplished in conformance with the requirements of Section 102.114 of the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed or if an answer is filed untimely, the Board may find, pursuant to Motion for Default Judgment, that the allegations in the [consolidated] complaint are true.

**NOTICE OF HEARING**

PLEASE TAKE NOTICE THAT on **October 20, 2009, at 9:00 am (CT)**, at **Sharon K. Evans Hearing Room, National Labor Relations Board, 8600 Farley Street, Suite 100, Overland Park, Kansas** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Overland Park, Kansas, this 20th day of August, 2009.



/s/ Daniel L. Hubbel
Daniel L. Hubbel, Regional Director
National Labor Relations Board
Seventeenth Region
8600 Farley Street - Suite 100
Overland Park, Kansas 66212-4677

H:\R17COM\Region 17 C Cases\17-CA-24560 Arena Football League\Complaint\CPT.17-CA-24560.com.doc