**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-29024 |
| | ) | |
| Arena Football League, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: October 6, 2009 |
| | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE THAT**, on Tuesday, October 6, 2009, at 10:00 A.m., or as soon thereafter as counsel may be heard, the undersigned attorney intends to appear in Room 642 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, and at that time and place shall present the Debtor's Motion to Reject Non-Residential Real Property Leases Pursuant to 11 U.S.C. § 365, a copy of which is served herewith upon you.

Dated:  September 28, 2009                                      Respectfully submitted,

                                                                ARENA FOOTBALL LEAGUE,
                                                                LLC


                                                                By:  /s/ William J. Factor
                                                                     One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com

# **CERTIFICATE OF SERVICE**

I, William J. Factor, an attorney, hereby certify that, on September 28, 2009, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the *Debtor's Motion to Reject Non-Residential Real Property Leases Pursuant to 11 U.S.C. § 365* to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) by first class mail to those other parties identified on the attached Service List by having the same deposited into the United States Mail in properly-addressed envelopes affixed with sufficient first-class postage prepaid.

/s/ William J. Factor

## SERVICE LIST

**Registrants in the Case**
**(Service through ECF)**

| | |
|---|---|
| **J. Mark Fisher** | mfisher@schiffhardin.com, edocket@schiffhardin.com, sricciardi@schiffhardin.com |
| **Frank J. Kokoszka** | fkokoszka@k-jlaw.com, admin@k-jlaw.com |
| **Richard S. Lauter** | rlauter@freebornpeters.com, bkdocketing@freebornpeters.com pscott@freebornpeters.com |
| **Patrick C. Maxcy** | pmaxcy@sonnenschein.com |
| **William T. Neary** | USTPRegion11.ES.ECF@usdoj.gov |
| **Jason M. Torf** | jtorf@schiffhardin.com, edocket@schiffhardin.com |

**Non-Debtor Parties to the Leases**
**(Service by U.S. Mail)**

Earth Tech, Inc.
300 Oceangate, Suite 700
Long Beach, CA 90802

Andrew Lippmann
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154

IL-Presidents Plaza, LLC
c/o Equity Office
8600 W. Bryn Mawr Avenue, Suite 400N
Chicago, IL 60631
Attn: Presidents Plaza Building Manager

**20 Largest Creditors and Petitioning Creditors**
**(Service by U.S. Mail)**

AECOM
7870 Villa Park Drive
Richmond, VA 23228

Af2
Jerry Kurz
200 S. Michigan Ave #1200
Chicago IL 60606

BlueCross BlueShield of Illinois
300 East Randolph Street
Chicago IL 60601-5099
Attn: Kenneth Kolanowski

Champs Sports
Scott Gurka
311 Manatee Avenue W.
Bradenton, FL 34205

Chicago Rush
Alan Levin
1011 E Touhy #400
Des Plaines, IL 60018-5805

Cleveland Gladiators
631 Huron Road
Cleveland, OH 44115-1116
Attn: Jim Ferraro

Colorado Crush
1000 Chopper Circle
Denver, CO 80204
Attn: Jerry Girkin

David Baker
468 N. Equestrian Drive
Orange, CA 92869-4423

ESPN
545 Middle Street
Bristol, CT 06010

ESPN
Attn: Leah Laplaca
545 Middle Street
Bristol, CT 06010

Fifth Third Bank
Attn: Scott Kilgore
222 S. Riverside Plaza
33rd Floor
Chicago, IL 60606

Georgia Force
4400 Falcon Parkway
Flowery Branch, GA 30542
Attn: Rob Geoffroy

Glenstar Properties
8600 W Bryn Mawr #400 N.
Chicago, IL 60631
Attn: Steven Smith

Grand Rapids Rampage
130 Fulton Street W.
Grand Rapids, MI 49503-2601
Attn: Scott Gorsline

Gridiron Enterprises, Inc.
181 W. Madison St.
Ste. 4600
Chicago, IL 60602
Johnson & Bell, Ltd.
33 W. Monroe St., Ste. 2700
Chicago, IL 60603

NBC
Attn: Daniel Kummer
CFS Room 971 E.
30 Rockefeller Center
New York, NY 10112

4

New York Dragons
1535 Old Country Road
Plainview, NY 11803
Attn: Art McCarthy

Philadelphia Soul
Attn: Craig Spencer
7 Penn Center, 17th Floor
1635 Market Street
Philadelphia, PA 19103

Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Attn: Joe Leccese

San Jose SaberCats
600 East Brokaw Road
San Jose, CA 95112

Sheraton New Orleans Hotel
500 Canal St.
New Orleans, LA 70130

Team Marketing
Attn: Scott Gurka
2101 Corporate Blvd. #317
Boca Raton, FL 33431

The Phoenix Comm. Group Inc.
Attn: Jeanmarie Cap
3 Empire Blvd.
South Hackensack, NJ 07606

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-29024 |
| | ) | |
| Arena Football League, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: October 6, 2009 |
| | ) | Hearing Time: 10:00 a.m. |

**DEBTOR'S MOTION TO REJECT NON-RESIDENTIAL**
**REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365**

The Arena Football League, LLC (the "*Debtor*"), as debtor and debtor in possession in the captioned case, hereby moves the Court for entry of an order authorizing, effective as of September 28, 2009, the rejection of the leases for non-residential real property described herein to the extent the leases remain unexpired,[1] and in support thereof states and alleges as follows:

J<small>URISDICTION</small>

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] This Motion is without prejudice to the Debtor's right to claim that any one or all of the leases expired by their own terms or were terminated prior to the effective date of rejection, as the case may be. Moreover, nothing herein shall be deemed an admission that the leases are enforceable obligations of the Debtor, are executory in nature, or that the landlords identified herein have valid claims against the Debtor as a result of the rejection requested herein. The terms of the leases described in this Motion are not intended to modify or represent the Debtor's interpretation of the terms of any lease.

### RELIEF REQUESTED AND STATUTORY PREDICATES

2. Pursuant to section 365(a) of title 11, United States Code (the "*Bankruptcy Code*") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), the Debtor hereby seeks to reject a lease and sublease for nonresidential real property, effective as of September 28, 2009.

### DESCRIPTION OF THE LEASES

3. On or about September 8, 2004, the Debtor and IL-Presidents Plaza, L.L.C. entered into an Office Lease Agreement (the "*Chicago Lease*") for certain non-residential real property located at 8700 W. Bryn Mawr Avenue, Chicago, Illinois. The term of the Chicago Lease was through November 30, 2010.

4. In June 2002, the Debtor and Earth Tech, Inc., a/k/a AECOM, entered into a Sublease for certain non-residential real property located at 105 Madison Avenue, New York, New York (the "*New York Lease*," and together with the Chicago Lease, the "*Leases*").[2] The original term of the New York Lease ran through November 24, 2004, which term was extended to November 29, 2009 pursuant to that certain Sublease Amendment # 1, dated June 30, 2002.

5. The Debtor has determined, in its sound business judgment, that continuing the Leases would be costly and would provide no corresponding benefit or utility to the Debtor or its estate, as the Debtor is no longer occupying or using the leased premises under either of the Leases.

6. Moreover, the Debtor does not believe that there is any benefit to attempting to market the Leases in light of (i) the cost of maintaining the Leases during the marketing process,

---

[2] Each Lease includes any modifications, amendments, addenda, or supplements thereto or restatements thereof. Copies of the Leases will be made available to any party in interest upon request to the Debtor's undersigned attorneys.

2

(ii) the current real estate markets Chicago and New York, and (ii) the Lease expiration dates. Accordingly, the Debtor submits this Motion to reject the Leases.

7.  The Debtor has already vacated the premises under the Leases, and, therefore, propose that the rejection of the Leases be effective as of September 28, 2009.

REJECTION OF THE LEASES IS SUPPORTED BY THE
DEBTORS' BUSINESS JUDGMENT AND SHOULD BE APPROVED BY THE COURT

8.  Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984). This power is essential to the general purposes of a Chapter 11 reorganization "because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *Bildisco*, 465 U.S. at 528; *see also Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 546 (7th Cir. 2003) (citing *Bildisco*).

9.  Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *In re First Wellington Canyon Associates*, 1989 U.S. Dist. LEXIS 15656 (N.D. Ill. Dec. 28, 1989) ("debtor's judgment on whether or not to reject an executory contract is to be accorded great deference under the business judgment rule. . . .").

10. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet

3

the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (Citation omitted).

11. As noted above, the Debtor is not using or occupying the leased premises under the Leases and has determined that the Leases are no longer of value or utility to the Debtor's estate. Accordingly, the Debtor no longer requires such space and, in its business judgment, has determined that the Leases should be rejected.

12. In light of the foregoing, the Debtor respectfully requests that the Court approve rejection of the Leases under section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of its business judgment.

## NOTICE

13. Notice of this Motion has been provided to Notice of this Motion has been provided to: (i) the non-debtor parties to the Leases, (ii) the Office of the United States Trustee; (iii) the petitioning creditors and their counsel; (iv) AFL's prepetition lender, (v) the twenty largest unsecured creditors; and (vi) all parties that receive notice through the ECF System with respect to the Case. The Debtor respectfully requests that such notice be deemed adequate and that the Court find that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully request entry of an order (1) authorizing rejection of the Leases under 11 U.S.C. § 365(a), effective as of September 28, 2009, (2) establishing November 6, 2009, as the date by which the non-debtor parties to the Lease must file any proofs of claim relating to the rejection of the Leases, and (3) granting such other and further relief as is just.

4

Dated:  September 28, 2009          Respectfully submitted,

                                              ARENA FOOTBALL LEAGUE, LLC


                                              By:  /s/ William J. Factor
                                                 One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
   **WILLIAM J. FACTOR, LTD**.
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
         slorber@wfactorlaw.com