## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                              )
                                    )   Case No. 09-B-29024
ARENA FOOTBALL LEAGUE, LLC,         )   Chapter 11
                                    )
            Debtor.                 )   Hon. Susan P. Sonderby

### NOTICE OF EMERGENCY MOTION

To:     See Attached Service List

**PLEASE TAKE NOTICE** that on **October 20, 2009** at **10:30 a.m.,** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, in Courtroom 642 of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois or before any other Bankruptcy Judge sitting in her place, for purposes of presenting the following Motion, a copy of which is attached hereto and served upon you:

**Trustee's Emergency Motion For Entry Of An Order (A) Approving Bidding Procedures For The Sale Of Certain Of Debtor's Assets To The Highest And Best Bidder, (B) Scheduling An Auction And Hearing To Consider The Sale And Approve The Form And Manner Of Notice Related Thereto; (C) Establishing Procedures Relating To The Assumption And Assignment Of Certain Contracts, Including Notice Of Proposed Cure Amounts, And (D) Granting Related Relief**.

ALEX D. MOGLIA, solely as chapter 11 Trustee,

/s/      John Collen

John Collen
TRESSLER LLP
233 S. Wacker Drive, 22nd Floor
Chicago, Illinois  60606
Tel: (312) 627-4193
Fax:(312) 627-1717
E-mail: jcollen@tresslerllp.com

Proposed Counsel For The Trustee

1

## <u>CERTIFICATE OF SERVICE</u>

I, John M. Collen, an attorney, state that pursuant to Local Rule 9013-3(D) the above-referenced Notice of Motion and Motion were filed on October 16, 2009, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, via First Class Mail to the address(es) indicated on October 16, 2009.

/s/      John Collen_____

#473421

## SERVICE LIST

*In re: Arena Football League, LLC,* Case No. 09-B-29024

**Registrants in the Case:**
**(Service Through ECF)**

| | |
|---|---|
| **Counsel For Trustee** <br> John Collen <br> Tressler LLP <br> 233 S. Wacker Drive, 22nd Floor <br> Chicago, Illinois 60606 <br> Tel: (312) 627-4193 <br> Fax: (312) 627-1717 <br> E-mail: jcollen@tresslerllp.com | |
| **Counsel For Arena Football League, LLC** <br> William J. Factor <br> The Law Office of William J. Factor, Ltd. <br> 1363 Shermer Road, Suite 224 <br> Northbrook, IL 60062 <br> Tel: (847) 239-7248 <br> Fax: (847) 574-8233 <br> E-mail: wfactor@wfactorlaw.com <br><br> Sara E. Lorber <br> The Law Office of William J. Factor, Ltd. <br> 105 W. Madison, Suite 400 <br> Chicago, IL 60602 <br> Tel: (312) 502-5807 <br> Fax: (312) 502-5807 <br> E-mail: slorber@wfactorlaw.com <br><br> Jessica Tovrov <br> Tovrov Law Offices <br> 105 West Madison Street <br> Suite 400 <br> Chicago, IL 60602 <br> Tel: (312) 252-7362 <br> Fax: (312) 264-2535 <br> E-mail: jessica@tovrovlaw.com | **Counsel For Fifth Third Bank** <br> J. Mark Fisher <br> Jason M. Torf <br> Schiff Hardin & Waite <br> 233 S. Wacker Dr., Suite 6600 <br> Chicago, IL 60606 <br> Tel: (312) 258-5500 <br> Fax: (312) 258-5700 <br> E-mail: mfisher@schiffhardin.com <br> jtorf@schiffhardin.com |

| **Counsel For Steve Woltmann** | **Counsel For Gridiron Enterprises, Inc., Johnson & Bell, Ltd., Sheraton New Orleans Hotel and Members of The Unsecured Creditors Committee** |
|---|---|
| Frank J. Kokoszka<br>Kokoszka & Janczur, P.C.<br>140 S Dearborn #1610<br>Chicago, IL 60603<br>Tel: (312) 443-9600<br>Fax: (312) 443-5704<br>E-mail: fkokoszka@k-jlaw.com | Richard S. Lauter<br>Freeborn & Peters LLP<br>311 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel: (312) 360-6641<br>Fax: (312) 360-6570<br>E-mail: rlauter@freebornpeters.com |
| **Counsel For PR II Presidents Plaza JV, LLC** | **Counsel For Gridiron Enterprises, Inc.** |
| Patrick C. Maxcy<br>Stephanie L. Wowchuk<br>Sonnenschein, Nath & Rosenthal<br>8000 Sears Tower<br>Chicago, IL 60606<br>Tel: (312) 876-2810<br>Fax: (312) 876-7934<br>E-mail: pmaxcy@sonnenschein.com | Pia N. Thompson<br>Kovitz Shifrin Nesbit<br>750 W. Lake Cook Rd., Suite 350<br>Buffalo Grove, IL 60089<br>Tel: (847) 777-7258<br>Fax: (847) 537-0550<br>E-mail: pthompson@ksnlaw.com |
| **Counsel For DP Fox Football Holdings, LLC d/b/a Grand Rapids Rampage** | **Counsel For United States Trustee** |
| Peter A. Clark<br>Jennifer A. Kimball<br>Barnes & Thornburg LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel: (312) 357-1313<br>Fax: (312) 759-5646<br>Email: pclark@btlaw.com<br>        jkimball@btlaw.com | Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 S. Dearborn, Room 873<br>Chicago, IL 60604<br>Tel: (312) 886-7480<br>E-mail: USTPRegion11.ES.ECF@usdoj.gov |

**Members of the Committee**
**(Service by U.S. Mail)**

| | |
|---|---|
| NBC Universal<br>Attn: Daniel M. Kummer<br>30 Rockefeller Plaza, Rm. 1091E<br>New York, NY 10112 | The Phoenix Communications Group, Inc.<br>Attn: John M. Podesta<br>3 Empire Blvd.<br>South Hackensack, NJ 07606 |
| David Baker<br>468 N. Equestrian Drive<br>Orange, CA 62869 | San Jose SaberCats<br>Attn: Alex Curotto<br>600 East Brokaw Road<br>San Jose, CA 95112 |

#473413

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-B-29024 |
| ARENA FOOTBALL LEAGUE, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Susan P. Sonderby |

### TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF DEBTOR'S ASSETS TO THE HIGHEST AND BEST BIDDER, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, AND (D) GRANTING RELATED RELIEF

Alex D. Moglia, the chapter 11 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Arena Football League, LLC (the "Debtor"), in this chapter 11 case (the "Case"), by his proposed counsel, John Collen of Tressler LLP, hereby moves this Court for entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(b) and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") for entry of an order in the form of Exhibit A attached hereto:  (a) approving the proposed bidding procedures attached as Exhibit 1 to the proposed form of order (the "Bidding Procedures")[1]; (b) authorizing the Trustee to sell, in lots or in bulk, the assets listed on Exhibit A to the Bidding Procedures (the "Listed Assets") to the highest and best qualified bidder; (c) approving the form of template asset purchase agreement (the "APA Form") attached as Exhibit

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Bidding Procedures attached to the proposed Bidding Procedures Order as Exhibit A and the process described in this Motion is qualified in its entirety by such Bidding Procedures.

473339

<u>2</u> to the proposed form of order under which bidders may document bids for the purchase of the Listed Assets; (d) establishing procedures for the assumption and assignment of certain contracts that will be assumed and assigned as part of the sale; (e) scheduling an auction; (f) scheduling a hearing to consider the sale of the Listed Assets and the assumption and assignment of Designated Contracts and Added Contracts included in the bid and approve the form and manner of notice related thereto; and (g) granting related relief (this "<u>Motion</u>").  In support thereof, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

### PROCEDURAL BACKGROUND

3.      On August 7, 2009, and involuntary petition was filed in this Court against the Debtor under Chapter 7 of the Bankruptcy Code.  On August 26, 2009, the Debtor consented to an order for relief under chapter 11 of the Bankruptcy Code.  It thereupon became a debtor in possession, and retained its property and managed its affairs under the provisions of sections 1107 and 1108 of the Bankruptcy Code.

4.      On September 30, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

5.      On October 13, 2009, this Court entered an order requiring that a chapter 11 trustee be appointed in this case. On October 14, 2009, Alex Moglia was selected by the U.S.

Trustee as the chapter 11 Trustee, subject to approval at this Court.  A hearing on such approval is scheduled for October 20, 2009 at 10:30 a.m. before this Court.

6.       On October 15, 2009, Mr. Moglia asked John Collen, of Tressler LLP, to serve as his counsel.  Mr. Collen has cleared conflicts, and the Trustee will submit an application to retain Mr. Collen as his counsel pursuant to section 327 of the Bankruptcy Code, supported by an affidavit pursuant to Bankruptcy Rule 2014.  Owing to the emergency need to approve bid procedures as set forth below, time may not permit the preparation of that application and affidavit for presentation on October 22, although the Trustee believes such application and affidavit will be prepared in time for presentation later in the week.

### CASE BACKGROUND

7.       The Arena Football League is an athletic league for the exhibition of professional "arena football", an indoor version of American tackle football played on a smaller field with fewer players.  The league Debtor essentially organizes and runs that league, which is composed of 16 teams located throughout the United States.  There is a competitive season which generally starts in March, in which the teams play against each other, culminating in one team becoming champion for that season.

8.       Debtor's principal creditor is its secured lender, Fifth Third Bank, which asserts aggregate indebtedness of approximately $5,959,694 in principal and $38,145 in interest, plus attorneys' fees.  The Bank asserts that its debt is secured by a blanket lien on substantially all Debtor's assets.  Trustee's counsel intends to complete an examination of the Bank's loan and security documents after the filing of this motion, but prior to the emergency hearing on this motion.  Pending completion of that review, this motion assumes, without prejudice to any future

position by the Trustee, that the Bank has a valid claim in the amounts stated, secured by a

perfected first lien on all or substantially all assets of the debtor.

9.      There was no arena football season last year.  Debtor's principal assets are

intangible assets, including but not limited to intellectual property such as trademarks and logos.

The value of such property is intimately tied to the vitality of the sport of arena football.  In the

absence of play between teams, the value of such assets threatens to decline precipitously.  These

assets are of interest to only a limited group of potential purchasers who would reconstitute

competitive play among the various teams under the auspices of the league.

## BASIS FOR EMERGENCY RELIEF

10.      For any purchaser of the Assets to realize the value of its investment in the

purchase of those assets, it would be necessary for that purchaser to reconstitute play for the

2011 season.  The Trustee is informed, and reasonably believes, that at least one potential

purchaser would not be willing to proceed with a transaction that cannot close by December 18th

of this year.  In order for such a closing to occur, consistently with opportunities for competitive

bidding, it is imperative that bid procedures be approved immediately.

11.      The Trustee is informed, and reasonably believes, that The Committee and the

Bank strongly support the relief sought herein.

12.      The assets proposed to be sold constitute the alleged collateral of the Bank.  The

Trustee has negotiated a post-petition loan with the Bank to fund his administration of this case,

and the approval of bidding procedures is a condition precedent to the Banks obligation to lend.

The trustee has no other sources of funds at the present time, and failure to obtain financing

would be injurious to this estate.  A motion to authorize post-petition borrowings and use of case

collateral under sections 363 and 364 of the Bankruptcy Code will be presented to the Court as soon as possible, but possibly on a day subsequent to the hearing on this motion.

## BASIS FOR RELIEF

13.      It is the Trustee's business judgment that the sale of the Listed Assets is the best way to maximize value of the Debtor's estate for its creditors.  In order to maximize the return on the sale of the Listed Assets, the Trustee proposes to continue to market the Listed Assets following the filing of this Motion, in accordance with the procedures described in this Motion.

14.      Among other things, the proposed procedures include procedures for the qualification of bidders and bids and for the conduct of the Auction, and following the Auction, the approval of sale of the Listed Assets by the Court.  The Trustee retains discretion to modify procedures and to reject any bid.  This discretion is necessary as the Trustee has not fully examined the estate and requires flexibility to deal with facts or circumstances of which he is not yet aware.

## DESCRIPTION OF PROCEDURES

15.      The Trustee, subject to the court-approved Auction and Sale process intends to sell the Listed Assets to the highest and best bidders that offer the greatest aggregate consideration to the estate and the best terms (the "Sale"), whether in bulk or by lot.  He seeks approval of the Bidding Procedures for the qualification of bidders, the receipt and qualification of bids for the purchase of the Listed Assets and the assumption and assignment of Designated Contracts and Added Contracts, with the bidder paying all Cure Costs.

## APA FORM

16.      The Trustee, by this Motion, also seeks approval of the APA Form that bidders must use, with amendments disclosed by redlined drafts, for their bids on Listed Assets and the

designation of Designated Contracts and Added Contracts from those listed on Schedule 1.4 to

the APA Form (the "Listed Contracts"). The bidder's obligation under the Form APA shall not

subject to due diligence or financing contingencies beyond the Bid Deadline; provided that any

stalking horse bid accepted by the Trustee shall waive such contingencies.

## BANK CREDIT BID

17.     The proposed Bidding Procedures permit Fifth Third Bank (the "Lender"), the

pre-petition lender and lender to the Trustee with a security interest in the Listed Assets, to credit

bid the full amount of its Pre-Petition Secured Obligations and Trustee Loan Obligations

pursuant to section 363(k) of the Bankruptcy Code. In the event the Lender makes a credit bid

and successfully acquires the Listed Assets, then the Trustee shall be entitled to 3% of the

amount of such credit bid was actually paid in cash by the Lender and disbursed by the Trustee

after the application of the Carve-Out provided in any interim or final borrowing order.

## DISCRETIONARY STALKING HORSE PROTECTION

18.     In the event that the Trustee, in his reasonable discretion, determines that it is

necessary to agree to expense reimbursement (up to a cap of $75,000) (the "Bidder Protection")

in order to induce a Qualified Bidder to submit a Qualified Bid (as defined below) for all of the

Listed Assets in the amount of  $2.5 million or more, the Trustee may by motion seek to select

that bid as the "Stalking Horse" bid for the Sale and obtain Bankruptcy Court approval for the

Bidder Protection.

## DISCRETION TO ACCEPT/REJECT BIDS

19.     The Trustee may (a) determine which Qualified Bid(s) (as that term is defined in

the Bidding Procedures), if any, represents the highest and best offer; and (b) reject at any time

before entry of an order of the Bankruptcy Court approving one or more Qualified Bids, any bid

that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the

Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to

the best interests of the Debtor's estate and creditors.

## AUCTION

20.    If one or more Qualified Bids are received, the Trustee shall conduct an Auction

(including a series of auctions) with respect to some or all of the Listed Assets.  The Auction

shall take place at the offices of counsel for the Trustee, Tressler LLP, 233 South Wacker Drive,

Suite 2200, Chicago, Illinois, or such other place or places determined by the Trustee or his

professionals and on such dates and times as determined by the Trustee.  The Trustee shall

determine if a particular Auction shall be by telephone, Internet or meeting.  The Trustee shall

notify all Qualified Bidders who have submitted Qualified Bids of the date, time, place and

manner of the Auction.  If the Trustee selects a Stalking Horse Bid, and no other timely

Qualified Bid, then the Stalking Horse Bidder shall be deemed to be the Successful Bidder.

21.    Only a Qualified Bidder who has submitted a Qualified Bid is eligible to

participate at the Auction.  During the Auction, bidding for all or any Listed Assets shall begin

with the highest Qualified Bid for such Listed Asset or group of Listed Assets as determined by

the Trustee and subsequently continue in minimum increments of at least $100,000 for the Listed

Assets in bulk or $50,000 for any lot of Listed Assets (or such lesser amount determined by the

Trustee in his discretion based on the lot bids).  In the event that the Trustee selects a Stalking

Horse Bid, the initial overbid must be sufficient to pay the cost of the Bidder Protection plus the

minimum bid increment.  Other than as disclosed herein, the Trustee may conduct the Auction in

the manner it determines will result in the highest and best bid(s) for the Listed Assets.

**GOOD FAITH DEPOSIT AND BACK-UP BID**

22.     The Good Faith Deposit (as defined in the Bidding Procedures) of the Successful

Bidder and the Qualified Bidder submitting the second highest Qualified Bid (the "Back-Up

Bid") shall be held in an interest-bearing escrow account until the earlier of (a) the Court's

approval of the sale of the Listed Assets to a Successful Bidder(s), or (b) thirty (30) days after

entry of the Sale Order.  All other Good Faith Deposits shall be returned to the other bidders at

the close of the Auction.  If a Successful Bidder fails to consummate an approved sale because of

a breach of failure to perform on the part of the Successful Bidder, the Trustee shall be entitled to

retain the Good Faith Deposit as part of the damages resulting from the breach or failure to

perform by such defaulting Successful Bidder.

**SALE HEARING**

23.     The Trustee shall sell the Listed Assets to one or more Successful Bidder(s) (as

that term is defined in the Bidding Procedures) upon the approval of each Successful Bid by the

Bankruptcy Court after hearing (the "Sale Hearing").  The Sale is proposed to be free and clear

of all liens, claims, encumbrances and other interests and successor liability pursuant to

Bankruptcy Code section 363(f).

24.     The Sale Hearing will be held before the Honorable Susan Pierson Sonderby at

the United States Bankruptcy Court for the Eastern District of Illinois, Courtroom 642, 219 S.

Dearborn Street, Chicago, Illinois, subject to adjournment or rescheduling without further notice

by an announcement of the adjourned date at the Sale Hearing.  The Trustee's presentation of a

particular Qualified Bid to the Bankruptcy Court for approval does not necessarily constitute the

Trustee's acceptance of the bid.  The Trustee will be deemed to have accepted a bid only when

the bid has been approved by the Bankruptcy Court at the Sale Hearing.

473339                                    -8-

25.    The deadline for filing objections to the Sale, to the assumption and assignment of Designated Contracts and Added Contracts and to Cure Costs shall also be set by the Bankruptcy Court.  Any Qualified Bidder shall have the right to appear and be heard at the Sale Hearing with respect to the Trustee's selection of any Successful Bid or rejection of any bid even if it is not a Successful Bidder.  The right of each interested party to object to the Trustee's selection of the Successful Bidder is reserved, including the right of any counterparty to any Designated Contract to object to the assignment of such Designated Contract, and the Trustee reserves the right to contest any such objection including on the ground that the objector lacks standing, provided, however, that any objection to such assignment on the basis of the amount of the Cure Costs necessary to cure all defaults under the Designated Contract to which such objector is a counterparty must be made and/or reserved in accordance with the procedures set forth in the order approving this Motion and the Bidding Procedures.

## <u>NOTICE OF SALE HEARING</u>

26.    The Trustee requests that the Court approve the manner of notice of the Sale Motion, the Bidding Procedures, the Auction and the Sale Hearing, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Bidding Procedures Notice</u>"), which the Trustee will serve of the following parties:

a.    The U.S. Trustee;

b.    Counsel to the Debtor and the Committee;

c.    So far as they can be ascertained, all past and present members of the Debtor, and its subsidiary, Arena Football League 2;

d.    Lender and all other parties known to be asserting a lien on any of the Listed Assets being sold;

e.    All entities known to have expressed an interest in bidding on the Listed Assets in accordance with the Bidding Procedures Order;

f.    The parties (other than the Debtor) to the Designated Contracts or Added Contracts;

g.    The United States Trustee's Office;

h.    All parties who have registered for service of pleadings in this case under the CM/ECF system of the Clerk of the Court; and

i.    And all other parties that had filed a notice of appearance and demand for notices in this bankruptcy case as of the date of entry of the Bidding Procedures Order (collectively, the "Bidding Procedures Notice Parties").

27.    Additionally, the Trustee proposes to serve the Creditor Notice substantially in the form attached hereto as Exhibit C to all known creditors of the Debtors.

28.    The Trustee proposes to serve the Bidding Procedures Notices and the Creditor Notice within three (3) business days from the date of entry of an order granting the Bidding Procedures Motion (the "Bidding Procedures Order"), by first-class mail, postage pre-paid, on the appropriate parties.  Both the Bidding Procedures Notice and the Creditor Notice will provide than any party that has not received a copy of the Sale Motion or the Bidding Procedures Order that wishes to obtain a copy of such documents may make such request, in writing, to Diana L. Casas, Moglia Advisors, 1325 Remington Road, Suite H, Schaumburg, IL  60173, Tel: (847) 884-8282, Fax: (847) 884-1188, E-mail:  dcasas@mogliaadvisors.com.

## SALE HEARING

29.    At the Sale Hearing, the Trustee will seek Bankruptcy Court approval of the Sale of the Listed Assets to the Successful Bidder(s). free and clear of all liens, claims and

encumbrances pursuant to Bankruptcy Code section 363(b), to the extent permissible under

Bankruptcy Code sections 363 and 365, including without limitation, any liens, claims or

interests arising under or in connection with the Pre-Petition Secured Obligations and the DIP

Credit Facility, but other than the Permitted Exceptions, if any, defined in the Agreement, and

except as otherwise provided in the Sale Motion, with all such liens, claims and interests to

attach to the proceeds of the Sale, with the same validity and in the same order of priority as they

attached to the Listed Assets prior to the Sale, including the assumption by the Trustee and

assignment to the Successful Bidder(s) of the Designated Contracts and Added Contracts

pursuant to Bankruptcy Code section 365. The Trustee will present further evidence, as

necessary, at the Sale Hearing and submit that the Sale is fair, reasonable and in the best interest

of the Debtor's estate.

## **CLOSING**

30.     The closing on the Sale (the "Closing") shall take place in accordance with the

terms of the Successful Bid(s), or in accordance with the terms of such other agreement approved

by the Bankruptcy Court at the Sale Hearing. Closing shall occur on or before December 18,

2009.

## **PROCEDURES FOR THE ASSUMPTION**
## **AND ASSIGNMENT OF ASSUMED AGREEMENTS**

31.     At Closing, the Trustee interests to assume and assign to Successful Bidder(s) the

Designated Contracts and Added Contracts to be identified by the bidder on Schedule 1.4 of the

marked up and executed APA Form. The bidder may delete Designated Contracts and add

Added Contracts to that category at any time prior to the Bid Deadline.

32.     The Trustee proposes to serve, as promptly as possible after the Bid Deadline, the

proposed Cure Notice, in substantially the form attached herein as Exhibit D upon each

counterparty (a "Counterparty") to any executory agreement or lease that the Trustee determines may be assumed by a Successful Bidder. The Cure Notice also will identify the amounts, if any, that the Trustee believes are owed to the Counterparty in order to cure any defaults that exist under such contract (the "Cure Costs"). The Trustee further proposes that the Cure Notice will state the date set by the Bankruptcy Court by which any objection to the Cure Costs or the assumption and assignment of the Designated Contract or Added Contract. The Trustee proposes that all objections to the assignment and assumption of an Assumed Executory Contract, the amount of Cure Costs or adequate assurance of future performance must be filed and served on or before ten (10) Business Days after the Bid Deadline and three (3) Business Days prior to the Sale Hearing. The Cure Notice also will state such objection deadline and the date, time and place of the Sale Hearing.

33.    If a contract or lease is assumed and assigned pursuant to the Bankruptcy Court's order approving same, then unless the affected Counterparty properly files and serves an objection, it will be bound by the determination of the Cure Costs contained in the Cure Notice, with payment made pursuant to the terms of the agreement with the Successful Bidder. If an objection is filed by a Counterparty to an Assumed Executory Contract or other executory contract or lease with respect to the amount of the Cure Costs set forth in the Cure Notice, the Trustee proposes that such obligation must set forth a specific default under the Assumed Executory Contract or other executory contract or lease and claim a specific monetary amount that differs from the amount (if any) specified by the Trustee in the Cure Notice or, alternatively, state why the Counterparty believes any Cure Cost is owing, and state the basis for any other objection to the assumption and assignment of the Assumed Executory Contract or other executory contract or lease.

34. Each Successful Bidder shall be responsible for payment to the Trustee of any Cure Costs that may be owed to any Counterparty to a Designated Contract or Added Contract that proposes to assume, which Cure Costs shall be paid by the Trustee to the Counterparties under the Designated Contracts or Added Contracts, in accordance with the terms of the Successful Bid. Each Successful Bidder shall be responsible for satisfying any requirements regarding adequate assurances of future performance that may be imposed under section 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Designated Contract or Added Contract. The Trustee proposes that the Court make its determinations concerning adequate assurance of future performance under the Designated Contracts or Added Contracts pursuant to section 365(b) of the Bankruptcy Code at the Sale Hearing or, in the case of any Designated Contracts or Added Contracts not assumed and assigned to the Successful Bidder at the Sale Hearing, at such other hearing to approve assumption and assignment of such Designated Contracts or Added Contracts. The Trustee further proposes that Cure Costs disputed by any Counterparty will be resolved by the Court at the Sale Hearing or at such other hearing to approve assumption and assignment of the relevant lease or contract.

35. Except to the extent otherwise provided in agreement entered into with the Successful Bidder(s), and subject to payment of any Cure Costs pursuant to such agreement, the assignee of a Designated Contract or Added Contract will not be subject to any liability to the assigned contract Counterparty that accrued or arose before the closing date of the sale of the Listed Assets and the Trustee and the estate shall be relieved of all liability accruing or arising thereafter pursuant to section 365(k) of the Bankruptcy Code.

## APPROVAL OF THE BIDDING PROCEDURES IS APPROPRIATE

36.      The Bidding Procedures are reasonably calculated to preserve or enhance the value of the estate for the reasons set forth above.  Accordingly, the Trustee has demonstrated sound business judgment, on the facts presently known, to warrant granting this motion.  See, e.g., Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991).

37.      Bidding procedures similar to those proposed herein have been approved by courts in this district.  See, In re Comdisco, Case No. 01-24795 (Bankr. N.D. Ill.); In re Outboard Marine Corporation, Case No. 00-37405 (Bankr. N.D. Ill.); and In re K-Mart Corporation, et al., Case No. 02-B-02474 (Bankr. N.D. Ill.)

## NO PRIOR REQUEST

38.      No prior request for the relief sought in this Bidding Procedures Motion has been made by the Trustee to this or any other court.

## NOTICE OF THIS MOTION

39.      Notice of this Motion either has been or will be given to the following parties, or in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee; (ii) the Debtor's pre-petition and post-petition secured lenders, (iii) counsel for the Debtor and the Committee; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form filed contemporaneously herewith, granting the relief requested in the

Motion and such other and additional relief as this Court deems just and appropriate under the

circumstances.


Dated: October 16, 2009            Respectfully submitted,
Alex Moglia, Trustee


By:_____
       One of His Attorneys


John Collen
Tressler LLP
233 S. Wacker Drive, 22nd Floor
Chicago, Illinois 60606
Tel: (312) 627-4193
Fax:(312) 627-1717
E-mail: jcollen@tresslerllp.com

Proposed Counsel for Trustee

473339             -15-

# INDEX OF EXHIBITS

Exhibit A        Proposed Order Approving Bidding Procedures

    Exhibit 1        Proposed Bidding Procedures

        A.        Listed Assets

    Exhibit 2        Proposed Asset Purchase Agreement

        A.        Bill of Sale

        B.        Assignment of Intellectual Property

        C.        Assumption of Liabilities Agreement

Exhibit B        Proposed Bidding Procedures Notice to Bidder

Exhibit C        Proposed Bidding Procedures Notice to Creditors

Exhibit D        Proposed Bidding Procedures Notice to Parties to Executory Contacts