UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 09-B-29024 |
| ARENA FOOTBALL LEAGUE, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Susan P. Sonderby |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Thursday, October 22, 2009** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, in Courtroom 642 of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois or before any other Bankruptcy Judge sitting in her place, for purposes of presenting the following Motion, a copy of which is attached hereto and served upon you:

**Trustee's Application To Employ and Retain Tressler LLP As His Counsel *Nunc Pro Tunc* To October 15, 2009**

ALEX D. MOGLIA, solely as chapter 11 Trustee,

/s/   John Collen

John Collen
TRESSLER LLP
233 S. Wacker Drive, 22nd Floor
Chicago, Illinois  60606
Tel: (312) 627-4193
Fax:(312) 627-1717
E-mail: jcollen@tresslerllp.com

Proposed Counsel For The Trustee

## CERTIFICATE OF SERVICE

I, John M. Collen, an attorney, state that pursuant to Local Rule 9013-3(D) the above-referenced Notice of Motion and Motion were filed on October 19, 2009, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, via First Class Mail to the address(es) indicated on October 19, 2009.

/s/   John Collen

#473593

# SERVICE LIST

*In re: Arena Football League, LLC,* Case No. 09-B-29024

**Registrants in the Case:**
**(Service Through ECF)**

| | |
|---|---|
| **Counsel For Trustee**<br>John Collen<br>Tressler LLP<br>233 S. Wacker Drive, 22nd Floor<br>Chicago, Illinois 60606<br>Tel: (312) 627-4193<br>Fax: (312) 627-1717<br>E-mail: jcollen@tresslerllp.com | |
| **Counsel For Arena Football League, LLC**<br>William J. Factor<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road, Suite 224<br>Northbrook, IL 60062<br>Tel: (847) 239-7248<br>Fax: (847) 574-8233<br>E-mail: wfactor@wfactorlaw.com<br><br>Sara E. Lorber<br>The Law Office of William J. Factor, Ltd.<br>105 W. Madison, Suite 400<br>Chicago, IL 60602<br>Tel: (312) 502-5807<br>Fax: (312) 502-5807<br>E-mail: slorber@wfactorlaw.com<br><br>Jessica Tovrov<br>Tovrov Law Offices<br>105 West Madison Street<br>Suite 400<br>Chicago, IL 60602<br>Tel: (312) 252-7362<br>Fax: (312) 264-2535<br>E-mail: jessica@tovrovlaw.com | **Counsel For Fifth Third Bank**<br>J. Mark Fisher<br>Jason M. Torf<br>Schiff Hardin & Waite<br>233 S. Wacker Dr., Suite 6600<br>Chicago, IL 60606<br>Tel: (312) 258-5500<br>Fax: (312) 258-5700<br>E-mail: mfisher@schiffhardin.com<br>           jtorf@schiffhardin.com |

| **Counsel For Steve Woltmann**<br>Frank J. Kokoszka<br>Kokoszka & Janczur, P.C.<br>140 S Dearborn #1610<br>Chicago, IL 60603<br>Tel: (312) 443-9600<br>Fax: (312) 443-5704<br>E-mail: fkokoszka@k-jlaw.com | **Counsel For Gridiron Enterprises, Inc., Johnson & Bell, Ltd., Sheraton New Orleans Hotel and Members of The Unsecured Creditors Committee**<br>Richard S. Lauter<br>Freeborn & Peters LLP<br>311 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel: (312) 360-6641<br>Fax: (312) 360-6570<br>E-mail: rlauter@freebornpeters.com |
|---|---|
| **Counsel For PR II Presidents Plaza JV, LLC**<br>Patrick C. Maxcy<br>Stephanie L. Wowchuk<br>Sonnenschein, Nath & Rosenthal<br>8000 Sears Tower<br>Chicago, IL 60606<br>Tel: (312) 876-2810<br>Fax: (312) 876-7934<br>E-mail: pmaxcy@sonnenschein.com | **Counsel For Gridiron Enterprises, Inc.**<br>Pia N. Thompson<br>Kovitz Shifrin Nesbit<br>750 W. Lake Cook Rd., Suite 350<br>Buffalo Grove, IL 60089<br>Tel: (847) 777-7258<br>Fax: (847) 537-0550<br>E-mail: pthompson@ksnlaw.com |
| **Counsel For DP Fox Football Holdings, LLC d/b/a Grand Rapids Rampage**<br>Peter A. Clark<br>Jennifer A. Kimball<br>Barnes & Thornburg LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel: (312) 357-1313<br>Fax: (312) 759-5646<br>Email: pclark@btlaw.com<br>          jkimball@btlaw.com | **Counsel For United States Trustee**<br>Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 S. Dearborn, Room 873<br>Chicago, IL 60604<br>Tel: (312) 886-7480<br>E-mail: USTPRegion11.ES.ECF@usdoj.gov |

**Members of the Committee**
**(Service by U.S. Mail)**

| | |
|---|---|
| NBC Universal<br>Attn: Daniel M. Kummer<br>30 Rockefeller Plaza, Rm. 1091E<br>New York, NY 10112 | The Phoenix Communications Group, Inc.<br>Attn: John M. Podesta<br>3 Empire Blvd.<br>South Hackensack, NJ 07606 |
| David Baker<br>468 N. Equestrian Drive<br>Orange, CA 62869 | San Jose SaberCats<br>Attn: Alex Curotto<br>600 East Brokaw Road<br>San Jose, CA 95112 |
| American Express Travel Related Servs. Co., Inc. Corp. Card<br>Attn: Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | ESPN<br>Attn: Leah LaPlaca<br>545 Middle Street<br>Bristol, CT 06010 |
| AECOM<br>Attn: Rebecca Griffin<br>7870 Villa Park Drive<br>Richmond, VA 23228 | Philadelphia Soul<br>Attn: Craig Spencer<br>7 Penn Center-17th Floor<br>1635 Market Street<br>Philadelphia, PA 19103 |
| af2<br>Attn: Jerry Kurz<br>200 S. Michigan Avenue, #1200<br>Chicago, IL 60606 | Champs Sports<br>Attn: Scott Gurka<br>311 Manatee Avenue W<br>Bradenton, FL 34205 |
| Team Marketing<br>Attn: Scott Gurka<br>2101 Corporate Blvd., #317<br>Boca Raton, FL 33431 | Chicago Rush<br>Attn: Alan Levin<br>1011 E. Touhy # 400<br>Des Plaines, IL 60018-5805 |
| Proskauer Rose LLP<br>Attn: Joe Leccese<br>1585 Broadway<br>New York, NY 10036-8299 | Cleveland Gladiators<br>Attn: Jim Ferraro<br>631 Huron Road<br>Cleveland, OH 44115-1116 |

| | |
|---|---|
| Georgia Force<br>Attn: Rob Geoofroy<br>4400 Falcon Parkway<br>Flowery Branch, GA 30542 | Colorado Crush<br>Attn: Jerry Girkin<br>1000 Chopper Circle<br>Denver, CO 80204 |
| New York Dragons<br>Attn: Art McCarthy<br>1535 Old Country Road<br>Plainview, NY 11803 | BlueCross Blueshield of Illinois<br>Attn: Kenneth Kolanowski<br>300 East Randolph Street<br>Chicago, IL 60601-5099 |
| Glenstar Properties<br>Attn: Steven Smith<br>8600 W. Bryn Mawr # 400 N<br>Chicago, IL 60631 | |

#473413.2

4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| ARENA FOOTBALL LEAGUE, LLC, | ) Case No. 09-B-29024 |
| | ) |
| | ) Honorable Susan Pierson Sonderby |
| DEBTOR. | ) |

**TRUSTEE'S APPLICATION TO EMPLOY AND RETAIN
TRESSLER LLP AS HIS COUNSEL *NUNC PRO TUNC* TO OCTOBER 15, 2009**

Alex D. Moglia, not individually, but solely in his capacity as chapter 11 trustee (the "Trustee") of the bankruptcy estate of Arena Football League, LLC submits this application for an order authorizing the Trustee to employ and retain Tressler LLP as his counsel effective *nunc pro tunc* to October 15, 2009, pursuant to section 327 (a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support hereof, the Trustee relies on the Affidavit of John Collen, Esq. of Tressler LLP, sworn to on October 19, 2009. In further support hereof, the Trustee respectfully represents as follows.

## I.
## BACKGROUND

### A. The Debtor's Case

1. On August 7, 2009, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code was filed against the Arena Football League, LLC (the "AFL"), as debtor and debtor-in-possession in the above-captioned case (the "Case").

2. On August 26, 2009, the Court entered an Order for Relief and an Order converting the Case to a Chapter 11 proceeding.

1

3. The AFL continues to operate its business and manage its property as debtor-in-possession.

4. On October 13, 2009, the Court ordered the appointment of a Chapter 11 trustee.

5. Subject to the Court's approval, the U.S. Trustee appointed Alex Moglia, a disinterested person, on October 15, 2009 to serve as trustee in this case.

### B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this Case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### C. The Debtor

7. AFL, a Delaware limited liability company, is a professional indoor football league with its principal place of business in Chicago, Illinois. A more detailed case narrative is included in the Debtor's Motion For An Order Converting Case To Chapter 11 filed August 24, 2009.

## II.
## RELIEF REQUESTED

8. By this application, the Trustee requests the entry of an order pursuant to sections 327 of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing him to employ and retain Tressler LLP as his attorneys to perform the legal services that will be required and necessary during this Case as more fully described below and effective *nunc pro tunc* to October 15, 2009.

## III.
## LEGAL AUTHORITY

9. Section 327(a) of the Bankruptcy Code provides:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers,

2

auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Rule 2014 of the Bankruptcy Rules provides that an order approving the employment of attorneys, accountants or other professionals pursuant to section 327 shall be made on application of such professional, which application is to state:

> the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bank. P. 2014. The balance of this Application sets out matters required by section 327(a) and Rule 2014.

## IV.
## FACTS IN SUPPORT OF RETENTION

### A. Necessity for Employment

10. It is critical for the Trustee to retain counsel to assist and advise him in connection with his administration of the Debtor's estate. The Trustee's immediate retention of counsel is essential to enable the Trustee to quickly and efficiently investigate the Debtor, assess its assets and liabilities, assess and respond to prospective buyers of assets, and evaluate the Debtor's prospects for reorganization and/or liquidation.

11. On October 15, 2009, the same day the Trustee had been appointed, Tressler LLP was contacted at approximately 12:00 p.m. By around 4:00 p.m., the firm met with counsel for Fifth Third Bank. At the behest of the Trustee and major constituents in this Case, Tressler LLP began work on an emergency motion for bid procedures which was filed on October 16, 2009.

3

**B.**     **Persons To Be Employed And Reasons For Their Selection**

12.   The Trustee has selected Tressler LLP because of its experience knowledge and resources in the area of debtors' and creditors' rights. Tressler LLP, a national full-service law firm of over 130 attorneys, with deep knowledge and experience in the field of debtors' and creditors' rights and business reorganizations under the Bankruptcy Code. Tressler LLP is also well-versed in the area of intellectual property law, which is an important consideration because many of the Debtor's assets are intellectual property. It has the expertise and depth to meet the Trustee's legal needs in this Case and can do so on an emergency basis where necessary.

13.   In assisting the Trustee with the emergency filing of a bid procedures motion, Tressler LLP's attorneys have become quickly familiar with the Trustee's affairs and with many of the complex factual and legal issues that will have to be addressed in this Case. The retention of Tressler LLP, with its knowledge of and experience, will contribute to the efficient administration of the estate. Tressler LLP is, therefore, well-suited to guide the Trustee through the chapter 11 process.

14.   Individual Tressler LLP attorneys are highly qualified. Lead counsel, John Cohen, has over 25 years of experience in major chapter 11 cases, is an adjunct professor in the Bankruptcy LLM program at St. John's Law School in New York, is a fellow of the American College of Bankruptcy, co-chair emeritus of the American Bankruptcy Institute's Committee on Real Estate Bankruptcies, and has published numerous articles on bankruptcy topics. Jacqueline Criswell has been a commercial litigator for over 25 years, with special emphasis in intellectual property, and has experience handling bankruptcy proceedings. Detailed resumes of each Tressler LLP attorney who may become involved in this matter can be viewed at the firm's website, www.tresslerllp.com.

### C. Professional Services to Be Rendered

15. The Trustee will require ongoing legal services in these chapter 11 Case including, without limitation:

(a) advising the Trustee with respect to his powers and duties as chapter 11 Trustee in the continued management and operation of the Debtor's businesses and property;

(b) attending meetings and negotiating with representatives of the Debtor, investors, creditors and other parties in interest and advising and consulting on the conduct of these cases, including all of the legal and administrative requirements of operating in chapter 11;

(c) taking all necessary action to protect and preserve the Debtor's assets, including the investigation and prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against the Debtor's estate, investigations and negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the Debtor's estate;

(d) preparing motions, applications, answers, orders, reports, papers and other pleadings necessary to administer the Debtor's estate;

(e) preparing and negotiating on the Trustee's behalf any plan, disclosure statement, and all related agreements and/or documents and taking any necessary action to obtain confirmation of such plan;

(f) appearing before this Court and any other courts to protect the interests of the Trustee and the Debtor's estate; and

(g) performing such other legal services as may be necessary and appropriate for the efficient and economical administration of this Case.

### D. Proposed Compensation

16. Tressler LLP will seek compensation for attorneys' fees and paraprofessionals' fees at its normal hourly billing rates in effect for such matters as this Case for the period in which such services are performed, and will seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court.

5

17. During the course of this Case, Tressler LLP will invoice the Trustee no less frequently than monthly for services rendered and charges and disbursements incurred. The rates and rate structure reflect that such restructuring matters typically involve great complexity and severe time pressures.

18. Tressler LLP operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of work involved and other factors. Tressler LLP has no one rate for an individual attorney or paraprofessional that applies to all matters for all clients. Tressler LLP's rates for an individual attorney or paraprofessional may vary as a function of the type of matter, geographic factors, and the nature of certain long-term client relationships.

19. Tressler LLP's hourly rates are set at a level designed to fairly compensate Tressler LLP for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates for these cases vary with the experience and seniority of the individuals assigned. These hourly rates are consistent with the rates charged elsewhere.

20. The following attorneys are presently expected to have primary responsibility for providing services to the Trustee:

| Attorney | Title | Hourly Rate |
|---|---|---|
| John Collen | Partner | $525.00 |
| Jacqueline Criswell | Partner | $375.00 |

In addition, Tressler LLP has been using and will likely continue to use additional professionals and paraprofessionals at their respective rates to provide services to the Trustee, none of which shall exceed Mr. Collen's proposed hourly rate of $525 per hour. Most Tressler partners bill at

less than $500 per hour, and most associates at less than $275 per hour.

21.    The hourly rates set forth above are Tressler LLP's standard hourly rates for the types of services to be performed herein as of the date of this Application. In the normal course of business, Tressler LLP revises its regular rates on January 1st and requests that, effective January 1st of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

22.    It is Tressler LLP's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Tressler LLP's policy to charge its clients only the amount actually incurred by Tressler LLP in connection with such items. Examples of such expenses are overnight mail, messenger delivery, transportation, photocopying, airfare, meals, lodging, computerized research, witness fees, and other fees related to trials and hearings.

23.    No promises have been received by Tressler LLP or by any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Tressler LLP has no agreement with any other entity to share with such entity any compensation received by Tressler LLP in connection with these cases.

24.    Tressler LLP further states that pursuant to Bankruptcy Rule 2016(b) it has not shared, nor agreed to share, (a) any compensation it has received or any compensation that it will receive with another party or person, other than with the partners, of counsel, associates and contract attorneys associated with Tressler LLP, or (b) any compensation another person or party has received or may receive.

25. Tressler LLP intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and Orders of this Court.

### E. Tressler LLP's Disinterestedness

26. To the best of the Trustee's knowledge, and except as otherwise set forth herein or in the Affidavit of John Collen (the "Collen Affidavit"), a copy of which is attached hereto as **Exhibit A**, the members, counsel and associates of Tressler LLP: (a) do not have any connection with the Debtor, its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Northern District of Illinois or any other person employed in the office of the same, or any judge in the Bankruptcy Court for the Northern District of Illinois or any person employed in the offices of the same; (b) are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

27. To the best of the Trustee's knowledge and except as set forth in the Collen Affidavit:

    (a) neither Tressler LLP nor any attorney at the firm holds or represents an adverse interest to the Debtor's estate;

    (b) neither Tressler LLP nor any attorney at the firm is or was a creditor or an insider of the Debtor;

    (c) neither Tressler LLP nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and

    (d) Tressler LLP does not have an interest materially adverse to the interest of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

28.     In light of the foregoing, the Trustee believes that Tressler LLP is a "disinterested person" within the meaning of Bankruptcy Code section 101(14). Tressler LLP has informed the Trustee that if any of the foregoing statements and representations change during the course of these cases, Tressler LLP will amend this Application and/or the Collen Affidavit, as applicable.

### F. Trustee's Agreement and Consent

29.     The Trustee is aware of everything set forth herein and in the Collen Affidavit and agrees and consents to Tressler LLP's employment as counsel in these cases on the terms and conditions set forth herein.

## V.
## CONCLUSION

30.     The Trustee believes that the employment of Tressler LLP would be in the best interest of the Trustee to employ Tressler LLP under a general retainer with compensation to be determined upon application to the Bankruptcy Court. Were the Trustee required to retain counsel other than Tressler LLP in connection with the prosecution of this Case, the Trustee and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such counsel's familiarization with the intricacies of the Trustee's and debtor's businesses and financial affairs.

## VI.
## NO PRIOR APPLICATION

31.     No prior application for the relief requested herein has been made by the Trustee to this or any other court.

## VII.
## NOTICE

32.     Notice of the hearing on this Application has been provided to (a) the Office of the United States Trustee, (b) counsel for the Debtor, (c) the holders of the twenty (20) largest

unsecured creditors against the Debtor as indicated on the schedule filed by it, and (d) any and all parties that have appeared in the cases or otherwise requested notice of pleadings. The Trustee submits that under the circumstances no further notice is necessary.

## VIII.
## RESERVATION OF RIGHTS

33. Tressler LLP and the Trustee reserve the right to apply for a payment procedures order.

WHEREFORE, the Trustee respectfully requests the entry of an order substantially in the form of the proposed order accompanying this Application: (i) authorizing and approving the retention and employment by the Trustee of the law firm of Tressler LLP as their attorneys, *nunc pro tunc* as of October 15, 2009, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 503(b) and 507 of the Bankruptcy Code; (ii) directing that copies of all notices, pleadings and other documents filed in this case and any and all adversary proceedings be served upon Tressler LLP in care of John Collen, Esq. at Tressler, 233 South Wacker Drive, Suite 2200, Chicago, Illinois 60606, (iii) holding Tressler LLP's professional compensation subject to further order of Court and (iv) granting such other and further relief as this Court deems just and proper.

Dated: October 19, 2009

Respectfully submitted,

ALEX D. MOGLIA, solely as chapter 11 Trustee.

By: _____
Alex D. Moglia