# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| ARENA FOOTBALL LEAGUE, LLC, | ) Case No. 09-B-29024 |
| | ) |
| | ) Honorable Susan Pierson Sonderby |
| DEBTOR. | ) |

ATTORNEY'S AFFIDAVIT OF JOHN COLLEN IN SUPPORT
OF TRUSTEE'S APPLICATION TO EMPLOY TRESSLER LLP AS
HIS COUNSEL EFFECTIVE *NUNC PRO TUNC* TO OCTOBER 15, 2009

STATE OF ILLINOIS    )
                     )  ss:
COUNTY OF COOK       )

JOHN COLLEN, being duly sworn, deposes and says:

1. I am a member in good standing of the bar of the United States District Court for the Northern District of Illinois, including the trial bar thereof. My ARDC Number is 3127874. I am a partner in the law firm of Tressler LLP, which maintain an office (among others) at 233 South Wacker Drive, Suite 2200, Chicago, Illinois 60606. I submit this Affidavit in support of the entry of an order authorizing the retention of Tressler LLP as attorneys for Alex D. Moglia, the trustee in this chapter 11 case ("Trustee"), pursuant to sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and to comply with section 504 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for this Court (the "Local Rules").

I.
DISTINTERESTEDNESS

2. Insofar as I have been able to ascertain, based on causing a search to be made of

Tressler LLP's regularly kept business records, neither the firm of Tressler LLP, nor any partner nor associate thereof, nor I, represents any interest adverse to that of the Trustee or the Debtor's estate in the matters upon which the Trustee seeks to retain Tressler LLP, and I believe Tressler LLP to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. Without limiting the generality of the foregoing, I am informed, based on an e-mail inquiry to all attorneys, that neither Tressler LLP, nor any partner nor associate of Tressler LLP, is a creditor, equity security holder or insider of the Debtor, has ever been a director, officer or employee of the Debtor, or has a materially adverse interest to the estate or any class of creditors.

## II.
## NO INAPPROPRIATE CONNECTIONS TO COURT OR U.S. TRUSTEE

3.      Neither the law firm of Tressler LLP, nor any partner nor associate thereof, nor I, insofar as I have been able to ascertain, is so connected to any Bankruptcy Judge of the Northern District of Illinois, or the United States Trustee for this District or any person employed in the United States Trustee's office, as to render the appointment of Tressler LLP as counsel for the Trustee inappropriate under Bankruptcy Rule 5002(b).

## III.
## NO DISQUALIFYING CONNECTIONS TO CREDITORS

4.      Neither the firm of Tressler LLP, nor any partner nor associate thereof; nor I, insofar as I have been able to ascertain, has any connection to the Debtor, any of the Debtor's affiliates, any creditors of the Debtor, the United States Trustee for this District or any person employed in the United States Trustee's office, or any other party in interest in the Debtor's chapter 11 proceeding, or its respective attorneys and accountants, except as set forth below, and except that Tressler LLP, its partners and associates, and I: (a) may have appeared in the past, and may appear in the future, in unrelated cases or proceedings under the Bankruptcy Code or

otherwise where one or more of the said parties may have been, or may be, involved; and (b) may represent or may have represented certain creditors of the Debtor in matters unrelated to these cases. For purposes of this Affidavit, two matters are "unrelated" if any reasonably plausible outcome of one matter would not reasonably foreseeably have a material impact on the outcome of the other mater.

### A. Inquiry Procedures

5. Tressler LLP has conducted, and continues to conduct, extensive research into its relationships with the Debtor, its affiliates, its creditors, employees of the Office of the United States Trustee, attorneys and accountants of the foregoing, and other parties interested in these cases. As part of this inquiry, Tressler LLP obtained from (and relied upon) the "List of Creditors Holding 20 Largest Unsecured Claims" available through the Court's on-line, electronic docket for this Case for the names of the following individuals or entities who may be parties in interest to this Case: the Debtor and the Debtor' known creditors (collectively the "Potential Parties In Interest"). Tressler LLP is the process of obtaining additional names of individual or entities to run through the firm's conflict-check system.

6. The list of Potential Parties In Interest checked to date is attached as Exhibit 1. Tressler LLP then entered the names of the Potential Parties In Interest into a computer database containing the names of all clients and conflict information concerning the clients of Tressler LLP.

7. This inquiry revealed that certain of the Potential Parties In Interest were current or former Tressler LLP clients (such clients are referred to herein as the "Client Match List").

8. In addition, the inquiry revealed that some Potential Parties In Interest are what Tressler LLP calls "other involved parties", which means that such party is not a client of

Tressler LLP, but its interests may be affected through the firm's representation of a client even though the firm is not directly adverse to (or representing) the other involved party. Although Tressler LLP will disclose herein matters involving creditors who are "other related" parties in such matters, Tressler LLP does not concede that a creditor's "other related" status is necessarily a mandatory disclosable connection for purposes of Rule 2014.

### B. Inquiry Results

9. Because of the size of the Debtor and the number of its creditors, contacts and relationships between Tressler LLP (on the one hand) and the Debtor and/or its largest creditors (on the other hand), have existed in past years and will likely take place in the future, any such contacts or relationships do not relate to the Debtor and thus do not create any conflicts with respect to Tressler LLP's representation of the Trustee.

### i. Client Match List

a. Tressler LLP represented **Arena Football League** in one (1) unrelated matter that concluded in 2003.

b. **Champ Sports Inc.** was a former client of Tressler LLP in two (2) matters unrelated to this one.

c. Tressler formerly represented **Fifth Third Bank** in a transactional matter which concluded in 2002. Fifth Third Bank and/or a related entity is also an "other involved party" in two (2) unrelated matters.

### ii. Other Connections

d. Tressler LLP is adverse to **NBC Universal, Inc.** in one (1) unrelated matter.

e. **Blue Cross/Blue Shield of Illinois** is adverse to Tressler LLP in two (2) unrelated matters.

f. There are numerous other unrelated matters which have been closed where certain of the creditors were formerly either adverse parties and/or "other involved parties."

4

### C. Immateriality of Unrelated Representations

10. Since all such representations are unrelated to the Debtor's bankruptcy case, none of such representations constitutes a conflict with Tressler LLP's representation of the Trustee or will likely create a conflict in the future. In addition, the revenues collectively generated from all of the Potential Parties in Interest that are on the client match list, including all ancillary business revenues, are expected to amount to less than ½ of 1% of Tressler LLP's revenues in any given year. The attorneys principally involved for the Trustee in this Case are not personally involved in any of the above matters.

## IV.
## ONGOING RESPONSIBILITIES

11. At this time, based on information available to it, Tressler LLP does not anticipate any actual conflicts of interest with the Potential Parties in Interest. Tressler LLP will seek appropriate waivers of any actual conflict of interest should conflicts arise in the future. The Trustee can, of course, retain special counsel with respect to any actual conflicts of interest which may arise and for which no waiver is obtained.

12. While Tressler LLP has undertaken, and continues to undertake, extensive efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Tressler LLP, through its continuing efforts, learn of any new connections of the nature discussed herein, Tressler LLP will so advise the Court.

13. Tressler LLP will not, while employed by the Trustee, represent any other entity having an adverse interest in the matters upon which the Trustee seeks to retain Tressler LLP during the pendency of this case.

14. Pursuant to Bankruptcy Rule 2016(b), I further state that neither I nor Tressler

LLP has entered into any agreements, express or implied, with any other party in interest, including the Debtor, any creditor, or any attorney for such party in interest in this case: (i) for the purpose of sharing or fixing fees or other compensation to be paid to any such party in interest or its attorneys for services rendered in connection therewith; (ii) for payment of such compensation from the assets of the estate in excess of the compensation allowed by this Court pursuant to the applicable provisions of the Bankruptcy Code; or (iii) for payment of compensation in connection with this case other than in accordance with the applicable provisions of the Bankruptcy Code.

15. Tressler LLP intends to apply for compensation for professional services rendered in connection with these chapter 11 cases and for reimbursement of expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of the Court.

16. I have read the application of the Trustee for an order approving the retention of Tressler LLP as counsel that accompanies this Affidavit and, to the best of my current knowledge, information and belief, the contents of said application are true and correct.

17. In making this Affidavit, I have reasonably relied upon records of Tressler LLP and have relied upon statements of partners and employees regarding matters set forth herein.

Executed this 19th day of October, 2009 in Chicago, Illinois.

_____
John Collen

SUBSCRIBED AND SWORN TO
Before me this ___ day of
October, 2009.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JANET M RICHTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/16/13

6

# EXHIBIT 1

A: Attorneys Affidavit of John Collen    Page 9 of 9

## EXHIBIT 1

## POTENTIAL PARTIES IN INTEREST
### Names Searched For Conflicts

Arena Football League LLC
Fifth Third Bank
NBC
David Baker
ESPN
AECOM
Philadelphia Soul
The Phoenix Communications
af2
Champs Sports
Team Marketing
San Jose Saber Cats
Chicago Rush
Grand Rapids Rampage
Proskauer Rose LLP
Cleveland Gladiators
Georgia Force
Colorado Crush
New York Dragons
BlueCross Blueshield of Illinois
Glenstar Properties
PR II Presidents Plaza JV, LLC
Gridiron Enterprises, Inc.

#473456