480186                                                                                                9143-1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-B-29024 |
| | ) |
| ARENA FOOTBALL LEAGUE, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Susan Pierson Sonderby |

## NOTICE OF MOTION

To:   See Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, March 30, 2010** at **10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge, in Courtroom 642 of the Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois or before any other Bankruptcy Judge sitting in her place, for purposes of presenting the following Motion, a copy of which is attached hereto and served upon you:

## SECOND AND FINAL APPLICATION OF TRESSLER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE CHAPTER 11 TRUSTEE (FOR PERIOD FROM JANUARY 23, 2010 THROUGH MARCH 5, 2010)

You may appear at such hearing if you see fit. The hearing may result in a decision or adjournment without further notice to you.

**PLEASE TAKE FURTHER NOTICE** that the parties wishing to object to the Fee Application must file written objections with the Clerk of the Court and serve such objections on the following: counsel for the Trustee, John Collen, Tressler LLP, 233 S. Wacker Drive, 22nd Floor, Chicago, Illinois 60606, Fax: (312) 627-1717; such filing and service to be made in each case to allow actual receipt of the objection prior to the hearing on the Fee Application.

Applicant: TRESSLER LLP

By: /s/ John Collen
  John Collen

  TRESSLER LLP
  233 S. Wacker Drive, 22nd Floor
  Chicago, Illinois 60606
  Tel: (312) 627-4000
  Fax: (312) 627-1717
  E-mail: jcollen@tresslerllp.com
  Counsel for the Trustee

349396

## CERTIFICATE OF SERVICE

    I, Si-Yong Yi, an attorney, state that on March 9, 2010 pursuant to Local Rule 9013-3(D), that I caused the above-referenced Notice of Motion and Motion to be filed and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, via electronic mail, facsimile or First Class U.S. Mail to the address(es) as indicated on the attached service list.

                                    /s/    Si-Yong Yi

349396

474575

# SERVICE LIST

*In re: Arena Football League, LLC*, Case No. 09-B-29024

**Registrants in the Case:**
**(Service Through ECF)**

| | |
|---|---|
| **Counsel For Trustee**<br>John Collen<br>Si-Yong Yi<br>Tressler LLP<br>233 S. Wacker Drive, 22nd Floor<br>Chicago, IL 60606<br>Tel: (312) 627-4000<br>Fax: (312) 627-1717<br>E-mail: jcollen@tresslerllp.com<br>    syi@tresslerllp.com | |
| **Counsel For Arena Football League, LLC**<br>William J. Factor<br>The Law Office of William J. Factor, Ltd.<br>1363 Shermer Road, Suite 224<br>Northbrook, IL 60062<br>Tel:  (847) 239-7248<br>Fax: (847) 574-8233<br>E-mail: wfactor@wfactorlaw.com<br><br>Sara E. Lorber<br>The Law Office of William J. Factor, Ltd.<br>105 W. Madison, Suite 400<br>Chicago, IL 60602<br>Tel: (312) 502-5807<br>Fax: (312) 502-5807<br>E-mail: slorber@wfactorlaw.com<br><br>Jessica Tovrov<br>Tovrov Law Offices<br>105 West Madison Street, Suite 400<br>Chicago, IL 60602<br>Tel: (312) 252-7362<br>Fax: (312) 264-2535<br>E-mail: jessica@tovrovlaw.com | **Counsel For Fifth Third Bank**<br>J. Mark Fisher<br>Jason M. Torf<br>Schiff Hardin & Waite<br>233 S. Wacker Dr., Suite 6600<br>Chicago, IL 60606<br>Tel: (312) 258-5500<br>Fax: (312) 258-5700<br>E-mail:  mfisher@schiffhardin.com<br>    jtorf@schiffhardin.com |

| | |
|---|---|
| **Counsel For Steve Woltmann**<br>Frank J. Kokoszka<br>Kokoszka & Janczur, P.C.<br>140 S Dearborn, Suite 1610<br>Chicago, IL 60603<br>Tel: (312) 443-9600<br>Fax: (312) 443-5704<br>E-mail: fkokoszka@k-jlaw.com | **Counsel For Gridiron Enterprises, Inc., Johnson & Bell, Ltd., Sheraton New Orleans Hotel and Members of The Unsecured Creditors Committee**<br>Richard S. Lauter<br>Freeborn & Peters LLP<br>311 S. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel: (312) 360-6641<br>Fax: (312) 360-6570<br>E-mail: rlauter@freebornpeters.com |
| **Counsel For PR II Presidents Plaza JV, LLC**<br>Patrick C. Maxcy<br>Stephanie L. Wowchuk<br>Sonnenschein, Nath & Rosenthal<br>233 S. Wacker Drive, Suite 8000<br>Chicago, IL 60606<br>Tel: (312) 876-2810<br>Fax: (312) 876-7934<br>E-mail: pmaxcy@sonnenschein.com | **Counsel For Gridiron Enterprises, Inc.**<br>Pia N. Thompson<br>Kovitz Shifrin Nesbit<br>750 W. Lake Cook Rd., Suite 350<br>Buffalo Grove, IL 60089<br>Tel: (847) 777-7258<br>Fax: (847) 537-0550<br>E-mail: pthompson@ksnlaw.com |
| **Counsel For DP Fox Football Holdings, LLC d/b/a Grand Rapids Rampage and Acquisition Holdings, LLC**<br>Peter A. Clark<br>Jennifer A. Kimball<br>Barnes & Thornburg LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel: (312) 357-1313<br>Fax: (312) 759-5646<br>Email: pclark@btlaw.com<br>        jkimball@btlaw.com | **Counsel For Proskauer Rose LLP**<br>Grayson T. Walter<br>Proskauer Rose LLP<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602<br>Tel: (312) 926-3550<br>Fax: (312) 962-3551<br>Email: gwalter@proskauer.com |
| | **Counsel For United States Trustee**<br>Stephen G. Wolfe<br>Office of the U.S. Trustee<br>219 S. Dearborn, Room 873<br>Chicago, IL 60604<br>Tel: (312) 886-7480<br>E-mail: USTPRegion11.ES.ECF@usdoj.gov |

**Additional Parties**
**(Service by Electronic Mail)**

| | |
|---|---|
| Laura Bandini<br>National Labor Relations Board<br>Special Litigation Branch<br>1099 14th Street, NW<br>Washington, DC 20570<br>Tel: (202) 273-3784<br>Fax: (202) 273-1799<br>E-mail: Laura.Bandini@nlrb.gov | Michael C. Arnold, Esq.<br>Attorney for AFOA<br>1125 Grand Blvd., Suite 1600<br>Kansas City, MO 64106<br>Tel: (816) 421-5788<br>Fax: (816) 471-5574<br>E-mail: mcarnold@anwjj.com |
| Arena Football League Players' Assoc.<br>Todd Flanagan<br>1133 20th Street, NW, Suite 700<br>Washington, DC 20036<br>Tel: (202) 756-9130<br>Todd.flanagan@nflplayers.com | |
| Paul Engelberts, President<br>Arena Football Officials Assoc.<br>3124 Ferris Avenue<br>Royal Oak, MI 48073<br>Fax: (248) 588-0105<br>pmberts@att.net | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| INDOOR FOOTBALL ESTATE, LLC | ) |
| (f/k/a ARENA FOOTBALL LEAGUE, LLC), | ) Case No. 09-B-29024 |
| | ) |
| DEBTOR. | ) Honorable Susan Pierson Sonderby |

**COVER SHEET FOR SECOND AND FINAL APPLICATION
OF TRESSLER LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE CHAPTER 11 TRUSTEE
(FOR PERIOD FROM JANUARY 23, 2010 THROUGH MARCH 5, 2010)**

| | |
|---|---|
| Name of Applicant: | Tressler LLP |
| Authorized to Provide Professional Services to: | Alex D. Moglia as the Chapter 11 Trustee to Debtor, Indoor Football Estate, LLC (f/k/a Arena Football League, LLC) |
| Date of Order Authorizing Employment: | October 27, 2009 (employment authorized retroactively effective from October 15, 2009) |
| Period for Which Compensation is Sought: | January 23, 2010 through March 5, 2010 |
| Amount of Fees Sought: | $37,704.65 ($14,384.79 disbursed from remaining Bank's carve-out) |
| Amount of Expense Reimbursement Sought: | $58.50 ($0.00 disbursed from Bank's carve-out) |

This is a(n) _____ interim ____X____ final application.

| Date Filed | Period Covered | Total Requested (Fees) | Total Requested (Expenses) | Total Allowed |
|---|---|---|---|---|
| 3/9/10 | 1/23/10 – 3/5/10 | $37,704.65<br><br>($14,384.79 disbursed from remaining Bank's carve-out) | $58.50<br><br>($0.00 disbursed from remaining Bank's carve-out) | Pending |

Pursuant to the Court order dated March 2, 2010, the aggregate amount paid[1] to the Applicant to date of services rendered and expenses incurred herein is **$185,615.21**, leaving a balance of **$14,384.79** from Fifth Third Bank's $200,000.00 carve-out set aside for Tressler.

Dated: March 9, 2010

                                                        Applicant: Tressler LLP

                                                        By: /s/       John Collen
                                                             John Collen

                                                              TRESSLER LLP
                                                              233 S. Wacker Drive, 22nd Floor
                                                              Chicago, Illinois 60606
                                                              Tel: (312) 627-4000
                                                              Fax: (312) 627-1717
                                                              E-mail: jcollen@tresslerllp.com

                                                              Counsel for the Trustee

---

[1] Tressler expects actual receipt of payment of its fees and expenses in the days shortly after the filing of this fee application.

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| INDOOR FOOTBALL ESTATE, LLC | ) |
| (f/k/a ARENA FOOTBALL LEAGUE, LLC), | ) Case No. 09-B-29024 |
| | ) |
| DEBTOR. | ) Honorable Susan Pierson Sonderby |

**SECOND AND FINAL APPLICATION OF TRESSLER LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS COUNSEL FOR THE CHAPTER 11 TRUSTEE
(FOR PERIOD FROM JANUARY 23, 2010 THROUGH March 5, 2010)**

Tressler LLP ("Tressler"), counsel to Alex D. Moglia, not individually, but solely in his capacity as chapter 11 trustee (the "Trustee") of the bankruptcy estate of Indoor Football Estate, LLC (f/k/a Arena Football League, LLC) ("AFL" or "Debtor"), respectfully submits this Second and Final Application of Tressler LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to Chapter 11 Trustee (the "Fee Application") seeking an allowance of $37,704.65 in fees and $58.50 in expenses, with disbursement on account of such allowed fees and expenses to be limited to the remaining balance of the Bank's original $200,000.00 carve-out allocated to Tressler. This Fee Application covers services rendered from January 23, 2010 to March 5, 2010 ("Application Period") and in support hereof, Tressler respectfully states as follows:

**I.
SUMMARY**

1. On March 2, 2010, the Court granted Tressler's First Interim Application for compensation of fees and reimbursement of expenses in the amount of $185,615.21. Of that amount, $50,000.00 was paid by offsetting Tressler's post-petition retainer in its entirety. The balance of $135,615.21 was transferred from carve-out amounts held by the Trustee.

1

2.  By this Fee Application, Tressler seeks the allowance of $37,704.65 in fees and $58.50 in expenses incurred during the Application Period, which includes $4,047.65 for services described in the First Interim Application related to Debtor's 401(k) plan, which services have not been compensated from the 401(k) plan itself.

## II.
## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this matter and this Fee Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

4.  Tressler hereby adopts and incorporates by reference its First Interim Application of Tressler LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to Chapter 11 Trustee filed on February 10, 2010 ("Tressler's First Fee Application").

5.  Fifth Third Bank (the "Lender" or "Bank") has agreed to apply the cash from the carve-outs from its collateral for payment of allowed fees and expenses of certain professionals, including Tressler. See Exhibit B to Tressler's First Fee Application (Dkt No. 143-2). The carve-out for Tressler is $200,000.00.

## IV.
## NATURE OF SERVICES RENDERED

6.  Tressler has rendered valuable and beneficial professional services to the Trustee in connection with the Debtor's estate that were necessary for the preservation and protection of the assets of the Debtor's estate. Tressler has expended 136.2 hours of professional time having a value of $33,657.00 in discharging its duties from January 23, 2010 to March 5, 2010.

2

7. Among other tasks, Tressler provided the following services to the Trustee during the Application Period including: (a) Case Administration; (b) Leases and Contracts; (c) Professional Retentions; (d) Labor Matters; (e) Sale of Assets; (f) 401(k) Matters; (g) Claims; and (h) Fee Applications.

### (a) Case Administration (27.3 professional service hours; $7,401.50)

8. Among the necessary tasks of case administration performed by Tressler were the preparation and presentment of motion to change the name of the Debtor from Arena Football League, LLC to Indoor Football Estate, LLC pursuant to the asset purchase agreement with Arena Football One, LLC, investigation and discussions with relevant parties related to chapter 5 causes of action, meetings and discussions with the Trustee concerning the future of the case and general administration, and attending the lengthy hearing on March 2, 2010 during which nine motions and applications were heard. The following attorneys and Tressler professional performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 8.6 | $4,515.00 |
| Si-Yong Yi | Associate | $195.00 | 9.2 | $1,794.00 |
| Bakker, Raynae | Paralegal | $115.00 | 9.5 | 1,092.50 |
| | | Total | 27.3 | $7,401.50 |

### (b) Leases and Contracts (5.0 professional service hours; $1,140.00)

9. Tressler negotiated and successfully resolved a lease dispute concerning the lease with Pickens Kane involving approximately $6,000.00 in disputed storage fees for $3,250.00. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 0.5 | $262.50 |
| Si-Yong Yi | Associate | $195.00 | 4.5 | $877.50 |
| | | Total | 5.0 | $1,140.00 |

3

### (c) Professional Retentions and Compensation (10.9 professional service hours; $2,849.50)

10. Because of the size, complexity and number of creditors in this case, the investigation and preparation of supplement to Tressler's Rule 2014 affidavit was time-consuming, even though it was done efficiently. The supplemental Rule 2014 affidavit involved investigation into Tressler's potential conflicts with approximately 200 interested parties. Tressler also successfully negotiated with the Committee Counsel and the Debtor's Counsel to limit disbursement of their allowed fees solely to the extent of carve-out amounts specifically dedicated to those respective counsel. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 2.8 | $1,470.00 |
| Si-Yong Yi | Associate | $195.00 | 5.6 | $1092.00 |
| Raynae Bakker | Paralegal | $115.00 | 2.5 | $287.50 |
|  |  | **Total** | **10.9** | **$2,849.50** |

### (d) Labor Matters (0.7 professional service hours; $202.50)

11. Tressler successfully obtained a dismissal order related to the National Labor Relations Board administrative/enforcement proceedings against the Debtor that had been pending in Kansas when the bankruptcy case was filed. As a result, considerable time and estate resources were saved. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 0.2 | $105.00 |
| Si-Yong Yi | Associate | $195.00 | 0.2 | $97.50 |
|  |  | **Total** | **0.7** | **$202.50** |

4

**(e)   Sale of Assets (18.9 professional service hours; $5,198.50)**

12. Tressler efficiently and successfully negotiated and sold the Debtor's 50.1% membership interest in Arena Football Personnel. This sale allowed for a gain in the value of the Debtor's estate in the amount of $8,600.00, allowed for an expedited administration of the estate, and allowed for the removal of any liabilities associated with the Trustee's interest in the asset. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 2.8 | $1,470.00 |
| Harry Bartosiak | Partner | $290.00 | 6.2 | $1,798.00 |
| Si-Yong Yi | Associate | $195.00 | 9.9 | $1,930.50 |
| | | Total | 18.9 | $5,198.50 |

**(f)   401k Plan (3.8 professional service hours; $1,830.00)**

13. Tressler rendered valuable services to the Trustee in connection with advising him on bankruptcy administration of the Plan. Tressler also obtained the approval of this Court for the Trustee to administer the Plan. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 3.3 | $1,732.50 |
| Si-Yong Yi | Associate | $195.00 | 0.5 | $92.50 |
| | | Total | 3.8 | $1,830.00 |

14. The Plan Trustee, Third-Party Administrator and Plan Counsel have agreed to pay Tressler $22,559.85 of the total amount of $26,607.50 for Tressler's services related to the 401(k) plan up to January 22, 2010, leaving a balance of $4,047.65. Accordingly, at this time, Tressler seeks an allowance of $4,047.65 in addition to its fees incurred since January 23, 2010.

5

(g)     **Claims (19.5 professional service hours; $4,231.50)**

15.     In order to determine potential gap and administrative claims that may be claimed, Tressler efficiently worked on preparing and presenting a motion to set bar dates for gap and administrative claims and further expended efforts to analyze the one administrative claim that was filed by Chartis. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 1.3 | $682.50 |
| Si-Yong Yi | Associate | $195.00 | 18.2 | $3,549.00 |
|  |  | Total | 19.5 | $4,231.50 |

(h)     **Fee Applications (50.1 professional service hours; $10,803.50)**

16.     Tressler expended significant time and effort in preparing the first interim applications for the Trustee, as the Trustee's counsel, for Moglia Advisors (the Trustee's financial and operational advisor), for Popowcer Katten firm (the Trustee's accountant), and for Tressler. During the Application Period, Tressler also worked on final fee applications for the Trustee, for Moglia Advisors, and for Tressler. The following attorneys performed such tasks, and the amount of time devoted by each is summarized as follows:

| Name | Position | Hourly Rate | Hours | Total Value |
|---|---|---|---|---|
| John Collen | Partner | $525.00 | 4.2 | $2,205.00 |
| Si-Yong Yi | Associate | $195.00 | 41.5 | $8,092.50 |
| Raynae Bakker | Associate | $115.00 | 4.4 | $506.00 |
|  |  | Total | 50.1 | $10,803.50 |

(i)     **Non-Recorded Time**

17.     John Collen represents that he has invested not less than 50 hours of valuable partner time which he has elected to not record as billable time, either because the work was primarily pedagogical as to associates, or supervisory and administrative in nature, or not

6

warranting partner billing rates. Tressler respectfully submits that such activities did at least indirectly benefit the estate, and certainly represent an investment by Tressler in this case.

18. Between March 5, 2010, the date of the last time entry covered in this Application, and March 30, 2010, the scheduled hearing hereon, Tressler expects to incur several thousand dollars of further fees and expenses. Tressler does not intend to seek allowance of such fees, as its carve-out has already been exhausted. At the March 30th hearing, Tressler will report the amount of fees and expenses incurred after March 5, 2010.

19. Tressler anticipates that as of March 30, 2010, its total fees and expenses will exceed the carve-out by at least 10%, or $20,000.00. Tressler will report more fully at the March 30th hearing.

## V.
## NATURE OF EXPENSES INCURRED BY TRESSLER

20. In connection with providing the foregoing services to the Trustee, during the Fee Application period, Tressler incurred actual and necessary expenses of $58.50. In support hereof, Tressler attaches, as **Exhibit A**, a statement of the costs incurred by Tressler. Photocopies are charged at $0.10 per page. A summary of the expenses incurred is as follows:

| Expense Item | Cost |
| --- | --- |
| In-House Photocopies | $58.50 |
| Total | **$58.50** |

## VI.
## FURTHER BASES FOR RELIEF

21. Along with this Fee Application, Tressler respectfully submits a detailed schedule of services rendered and expenses incurred by Tressler during the Fee Application Period, which is attached hereto as **Exhibit B**, which is a schedule of services organized chronologically.

7

22. All services performed for which compensation is requested were required for the proper representation of the Trustee, were actually performed or incurred by Tressler as authorized by the Court, and were performed at the direction of, or incurred for and on behalf of, the Trustee and not for the benefit of any other person or entity. Tressler further represents that the disbursements made by it, and the expenses actually incurred by it, in connection with its services to the Trustee, were reasonable and necessary.

23. The fees and expenses sought in this Fee Application have been reviewed and approved by the Trustee and are reasonable and necessary expenses for the Trustee's administration of the Debtor's estate.

24. No agreement exists between Tressler and any other person for the sharing of compensation received by Tressler in this case, except as allowed by the exception set forth in Code §504 and Rule 2016 with respect to sharing of compensation among Tressler members. No promises concerning such compensation have been made to Tressler by any person, firm or entity.

25. Tressler reserves the right to correct, amend, or supplement this Fee Application to seek payment for compensation of its fees and for reimbursement of expenses in the event this Fee Application is not approved in its entirety.

## VII.
## APPLICABLE LEGAL STANDARDS AND CRITERIA

26. Tressler hereby adopts and incorporates by reference Tressler's First Fee Application.

## VIII.
## PRIOR APPLICATION

27. This is the Second and Final Application for Compensation and Reimbursement of Expenses filed by Tressler. On March 2, 2010, the Court granted Tressler's First Fee Application, and Tressler was awarded $185,651.50 in fees and expenses.

## IX.
## NOTICE

28. Notice of hearing on this Fee Application has been provided electronically or via facsimile to: (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors pursuant to Rule 2002(i) of Federal Rules of Bankruptcy Procedure; and (c) any and all parties that have appeared in the cases or otherwise requested notice of pleadings. Tressler submits that under the circumstances no further notice of this Fee Application is necessary.

## X.
## PRAYER FOR RELIEF

For all the foregoing reasons, the Applicant respectfully requests the entry of an order substantially in the form of the proposed order attached hereto, granting the relief requested herein:

(a) Allowing Tressler LLP's Second and Final Application for Compensation in the amount of $37,704.65 and for Reimbursement of Expenses of in the amount of $58.50;

(b) Authorizing the Trustee to distribute on account of such allowed claim $14,384.79 from the $200,000.00 carve-out from Fifth Third Bank's collateral allocated to Tressler;

(c) Authorizing Tressler to apply in the future for an additional disbursement of allowed fees and expenses, should the estate acquire funds in the future not subject to the lien of Fifth Third Bank with which to do so;

(d) Authorizing notice to the Creditors Committee in lieu of notice to all creditors under Rule 2002(i); and

9

(e) Granting such other and further relief as the Court deems just under the circumstances.

Dated this 9th day of March, 2010

    Respectfully submitted,

    Applicant: TRESSLER LLP

    By: /s/ John Collen
        John Collen

    TRESSLER LLP
    233 S. Wacker Drive, 22nd Floor
    Chicago, Illinois 60606
    Tel: (312) 627-4000
    Fax: (312) 627-1717
    E-mail: jcollen@tresslerllp.com

    Counsel for the Trustee

#484622